IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Tammy Barker, Timothy Robert Barker, and Melisa Merryman, on behalf of themselves and on behalf of those similarly situated, | )<br>)<br>) |
| Plaintiffs, | ) Case No. 08 C 50015 |
| v. | ) Judge Reinhard<br>) Magistrate Judge Mahoney |
| Local 150, International Union of Operating Engineers, AFL-CIO, | )<br>) Trial by Jury Demand |
| Defendant. | ) |

## LOCAL 150's PROPOSED CASE MANAGEMENT ORDER

Defendant, International Union of Operating Engineers, Local 150, AFL-CIO ("Local 150"), by and through its attorneys, submits this Proposed Case Management Order pursuant to Rule 26(f) of the Federal Rules of Civil Procedure and this Court's Standing Order. In support thereof, Local 150 states as follows:

1. Pursuant to Fed. R. Civ. P. 26(f), a telephone conference was held in Case No. 08 C 50015 on April 2, 2008, and was attended by:

Robert T. Hanlon for Plaintiffs Tammy Barker, Timothy Robert Barker and Melisa Merryman.

Bryan Diemer and Lauren Shapiro for Defendant Local 150.

2. On March 28, 2008, Local 150 filed a Motion to Dismiss or Stay in which Local 150 argued, *inter alia*, that this Court lacks subject-matter jurisdiction to consider some of the Counts in Plaintiff's Complaint and that other Counts are time-barred. In the event this Court concludes it has subject-matter jurisdiction over some or all of the claims and/or that some or all of the claims are timely, Local 150 requested that this Court stay these proceedings pending the resolution of MES, *et al.* v. Local 150, *et al.*, Case No. 05 C 50023, since the two cases are duplicative in many respects. In light of Local 150's pending Motion, Local 150 requests that

this Court stay discovery until the Motion is resolved.  Plaintiffs do not wish to stay discovery pending the resolution of Local 150's Motion.  In the event this Court does not stay discovery, the parties propose the following discovery schedule.  It is Plaintiffs' position that this Paragraph 2 does not belong in a Proposed Case Management Order; Plaintiffs' counsel would not consent to its inclusion in a Joint Order.  It is for that reason that the parties were unable to file a joint proposed case management order.  It is Local 150's understanding the Plaintiffs are filing a separate proposed case management order.  It is Local 150's further understanding that the following Paragraphs accurately reflect the parties' positions regarding discovery.

      3.      The Fed. R. Civ. P. 26(a)(1) material will be exchanged by April 18, 2008.

      4.      Alternative Dispute Resolution Mediation.  Counsels hereby certify that their clients have read the Pamphlet governing the Court's mediation program, that counsels have discussed with their respective clients the available dispute resolution options provided by the court and private entities, and that counsels have given an estimation of the fees and costs that would be associated with the litigation of this matter, through trial, to their clients.  Further, counsels have provided to their clients an estimate of the fees and expenses reasonably expected to be incurred through an early successful mediation.  Counsels certify that they have discussed the available ADR options with their clients and have considered how this case might benefit from those options.  Lastly, if this is a fee-shifting case, defense counsels certify they have discussed the advantages and disadvantages of making a Rule 68 offer of judgment.

      A)      Local 150 is amenable to any form of ADR.

      B)      Plaintiffs request this case be excused from ADR.

5.	Discovery Plan. The parties propose to the Court the following Discovery plan:

	A)	Discovery will be needed on the following subjects: Plaintiffs' proposed class certification; whether or not Local 150 obtained, used or disclosed personal information from motor vehicle records in violation of the Drivers Privacy Protection Act of 1994, 18 U.S.C. § 2721, *et seq.* ("DPPA"); the merits of Plaintiffs' DPPA claims; the merits of Ms. Barker's state tort claims; whether Ms. Barker's state tort claims are pre-empted by federal labor law; the nature and extent of the emotional distress allegedly sustained by Ms. Barker; damages allegedly sustained by Ms. Barker; damages sustained by any other Plaintiffs and any other subjects identified in the course of discovery.

	B)	Interrogatories.

		1)	Plaintiffs request a maximum of 50 interrogatories by each party to the other party.

		2)	Defendant requests a maximum of 25 interrogatories by each party to the other party.

	C)	Requests for admission.

		1)	Plaintiffs request a maximum of 60 requests for admission by each party to the other party.

		2)	Defendant requests a maximum of 20 requests for admission by each party to the other party.

	D)	Depositions.

		1)	Plaintiffs request a maximum of 76 depositions to be taken by each party.

		2)	Defendant requests a maximum of 20 depositions to be taken by each party.

E) Length of depositions.

    1) Plaintiffs propose that each deposition [other than of Tammy Barker and William E. Dugan] shall be limited to a maximum of four hours unless extended by agreement of the parties.

    2) Defendant proposes that each deposition [other than Tammy Barker and William E. Dugan] shall be limited to a maximum of five hours unless extended by agreement of the parties.

    3) The parties agree and propose that the depositions of Ms. Barker and Mr. Dugan shall not exceed seven hours unless extended by agreement of the parties.

F) Fact discovery.

    1) Plaintiffs propose that fact discovery cut-off be set for January 31, 2009.

    2) Defendant proposes that fact discovery cut-off be set for October 31, 2008.

G) Expert discovery.

    1) Plaintiffs propose the following: Report from retained expert for Plaintiffs under Rule 26(a)(2) is due on March 31, 2009. Deposition of Plaintiffs' expert shall be taken by June 1, 2009. Report from retained expert for Defendant under Rule 26(a)(2) is due on July 1, 2009. Deposition of Defendant's expert shall be taken by August 1, 2009. Supplementations under Rule 26(e) will be scheduled by the Court at the request of the parties.

    2) Defendant proposes the following: Report from retained expert for Plaintiffs under Rule 26(a)(2) is due on November 30, 2008. Deposition of

Plaintiffs' expert shall be taken by December 31, 2008. Report from retained expert for Defendant under Rule 26(a)(2) is due on January 31, 2009. Deposition of Defendant's expert shall be taken by March 1, 2009. Supplementations under Rule 26(e) will be scheduled by the Court at the request of the parties.

H) All discovery shall be cut off by March 1, 2009 (Defendant's proposal) or August 1, 2009 (Plaintiffs' proposal).

I) Amendments

1) Plaintiffs propose September 1, 2009, as the time for parties to amend pleadings and/or add counts or parties.

2) Defendant proposes July 1, 2008, as the time for parties to amend pleadings and/or add counts or parties.

3) The parties agree and propose that Plaintiffs may add plaintiffs if this Court denies their motion for class certification. Plaintiffs must add plaintiffs within 30 days of a ruling denying their motion for class certification.

J) The parties suggest the next discovery conference with the Court be in six months.

All dispositive motions will be due 30 days after the discovery cut-off date unless otherwise ordered by the Court and the parties agree pleadings, motions, and briefs may be exchanged by e-mail, fax, or other electronic means.

Date: April 3, 2008                              Respectfully submitted,

                                                    INTERNATIONAL UNION OF OPERATING ENGINEERS, LOCAL 150, AFL-CIO

                                                    By:   s/Bryan P. Diemer
                                                           One of the Attorneys for Defendant Local 150

Attorneys for Defendant:
Dale D. Pierson
Bryan P. Diemer
Lauren S. Shapiro
Local 150 Legal Department
6140 Joliet Road
Countryside, IL  60525
Ph. 708/579-6663; Fx. 708/588-1647

**CERTIFICATE OF SERVICE**

      The undersigned, an attorney of record, hereby certifies that on April 3, 2008, he electronically filed ***Local 150's Proposed Case Management Order*** with the Clerk of Court using the CM/CM/ECF system which sent notification to the following:

| | |
|---|---|
| Mr. Robert T. Hanlon | Mr. Dean J. Polales |
| The Law Offices of Robert T. Hanlon & Assoc., P.C. | Ungaretti & Harris, LLP |
| 14212 Washington Street | Three First National Plaza, Suite 3500 |
| Woodstock, IL  60098 | Chicago, IL  60602 |

      By:   s/Bryan P. Diemer
              One of the Attorneys for Defendant Local 150

Attorneys for Defendant:
Dale D. Pierson
Bryan P. Diemer
Lauren S. Shapiro
Local 150 Legal Department
6140 Joliet Road
Countryside, IL  60525
Ph. 708/579-6663
Fx. 708/588-1647

I:\LI\Barker, Barker, & Merryman v. Local 150\Pleadings\Case Management Order\local 150's proposed case management order 04-03-08.bpd.doc