IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Tammy Barker, Timothy Robert Barker, and Melisa Merryman, on behalf of themselves and on behalf of those similarly situated, | ) ) ) ) | |
| Plaintiffs, | ) ) | Case No. 08 C 50015 |
| v. | ) ) | Judge Reinhard |
| | ) | Magistrate Judge Mahoney |
| Local 150, International Union of Operating Engineers, AFL-CIO, | ) ) ) | Trial by Jury Demand |
| Defendant. | ) ) | |

**PLAINTIFFS' PROPOSED CASE MANAGEMENT ORDER**

The Plaintiffs, by and through their attorneys, submit this Proposed Case Management Order pursuant to Rule 26(f) of the Federal Rules of Civil Procedure and this Court's Standing Order. In support thereof, the parties state as follows:

1.  Pursuant to Fed. R. Civ. P. 26(f), telephone conference was held in Case No. 08 C 50015 on April 2, 2008 and April 3 and was attended by:

    Robert T. Hanlon for Plaintiffs Tammy Barker, Timothy Robert Barker and Melisa Merryman.

    Bryan Diemer and Lauren Shapiro (April 2nd only) for Defendant Local 150.

2.  The Fed. R. Civ. P. 26(a)(1) material will be exchanged by April 18, 2008.

3.  Alternative Dispute Resolution Mediation. Plaintiffs' Counsel hereby certify that Tammy Barker and Timothy Barker have read the Pamphlet governing the court's mediation program, that counsels have discussed with The Barkers the available dispute resolution options provided by the court and private entities, and that counsels have given an estimation of the fees and costs that would be associated with the litigation of this matter, through trial, to their clients.

The Plaintiff Melissa Merryman has been unavailable to have such a discussion. Counsel certify that they have discussed the available ADR options with the Barkers and have considered how this case might benefit from those options. Lastly, if this is a fee shifting case, defense counsels certify they have discussed the advantages and disadvantages of making a Rule 68 offer of judgment.

        A)    Local 150 is amenable to any form of ADR.

        B)    Plaintiffs request this case be excused from ADR.

4.    Discovery Plan. The parties propose to the Court the following Discovery plan:

        A)    Discovery will be needed on the following subjects: Plaintiffs' proposed class certification; whether or not Local 150 obtained, used or disclosed personal information from motor vehicle records in violation of the Drivers Privacy Protection Act of 1994, 18 U.S.C. §2721 *et seq.* ("DPPA"); the merits of Plaintiffs' DPPA claims; the merits of Mr. and Ms. Barker's state tort claims; whether Mr. & Ms. Barker's state tort claims are pre-empted by federal labor law; the nature and extent of the emotional distress allegedly sustained by Ms. Barker; damages allegedly sustained by Ms. Barker; damages sustained by any other Plaintiffs and any other subjects identified in the course of discovery.

        B)    Interrogatories

            1.    Plaintiffs request a maximum of 50 interrogatories by each party to the other party.

            2.    Defendant requests a maximum of 25 interrogatories by each party to the other party.

        C)    Requests for admission

        1.      Plaintiffs request no maximum requests for admission by each party to the other party.

        2.      Defendant requests a maximum of 20 requests for admission by each party to the other party.

D)     Depositions

        1.      Plaintiffs request a maximum of 76 depositions to be taken by each party.

        2.      Defendant requests a maximum of 20 depositions to be taken by each party.

E)     Length of depositions.

        1.      Plaintiffs propose that each deposition [other than of Tammy Barker and William E. Dugan] shall be limited to a maximum of 4 hours unless extended by agreement of the parties.

        2.      Defendant proposes that each deposition [other than Tammy Barker and William E. Dugan] shall be limited to a maximum of 5 hours unless extended by agreement of the parties.

        3.      The parties agree and propose that the depositions of Ms. Barker and Mr. Dugan shall not exceed 7 hours unless extended by agreement of the parties.

F)     Fact discovery

        1.      Plaintiffs propose that fact discovery cut-off be set for January 31, 2009.

      2.      Defendant proposes that fact discovery cut-off be set for October 31, 2008.

    G)      Expert discovery

      1.      Plaintiffs propose the following:  Report from retained expert for Plaintiff under Rule 26(a)(2) is due on March 31, 2009.  Deposition of Plaintiff's expert shall be taken by June 1, 2009.  Report from retained expert for Defendant under Rule 26(a)(2) is dues on July 1, 2009.  Deposition of Defendant's expert shall be taken by August 1, 2009.  Supplementations under Rule 26(e) will be scheduled by the Court at the request of the parties.

      2.      Defendant proposes the following:  Report from retained expert for Plaintiff under Rule 26(a)(2) is due on November 30, 2008.  Deposition of Plaintiff's expert shall be taken by December 31, 2008.  Report from retained expert for Defendant under Rule 26(a)(2) is dues on January 31, 2009.  Deposition of Defendant's expert shall be taken by March 1, 2009.  Supplementations under Rule 26(e) will be scheduled by the Court at the request of the parties.

    (H)      All discovery shall be cut off by March 1, 2009 (Defendant's proposal) or August 1, 2009 (Plaintiff's proposal).

    (I)      Amendments

      1.      Plaintiffs propose September 1, 2009 as the time for parties to amend pleadings and/or add counts or parties.

      2.      Defendant proposes July 1, 2008 as the time for parties to amend pleadings and/or add counts or parties.

　　　　(J)　　The parties suggest the next discovery conference with the Court be in 6 months.

All dispositive motions will be due 30 days after the close of discovery unless otherwise ordered by the court and the parties agree pleadings, motions and briefs may be exchanged by e-mail, fax or other electronic means.

Date: April 3, 2008　　　　　　　　　　Respectfully submitted,


　　　　　　　　　　　　　　　　　　　TAMMY BARKER, TIMOTHY ROBERT BARKER AND
　　　　　　　　　　　　　　　　　　　MELISA MERRYMAN

　　　　　　　　　　　　　　　　　　　By:　/s/Robert T. Hanlon
　　　　　　　　　　　　　　　　　　　　　　One of the Attorneys for Plaintiffs


Attorneys for Plaintiffs:

　　　　　　　　Robert T. Hanlon
　　　　　　　　1412 Washington Street
　　　　　　　　Woodstock, Illinois 60098
　　　　　　　　815/206-2200

　　　　　　　　Dean J. Polales
　　　　　　　　Ungaretti & Harris, LLP
　　　　　　　　3500 Three First National Plaza
　　　　　　　　Chicago, Illinois 60602
　　　　　　　　312/977-4248

**CERTIFICATE OF SERVICE**

The undersigned, an attorney of record, hereby certifies that on April 3, 2008, he electronically filed ***Plaintiffs' Proposed Case Management Order*** with the Clerk of Court using the EM/CM/ECF system which sent notification to the following:

Dale D. Pierson
Bryan P. Diemer
Lauren S. Shapiro
Local 150 Legal Department
6140 Joliet Road
Countryside, IL  60525
Ph. 708/579-6663
Fx. 708/588-1647

                              By: /s/Robert T. Hanlon
                              One of Plaintiffs' Attorneys