IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Tammy Barker, Timothy Robert Barker, and Melisa Merryman, on behalf of themselves and on behalf of those similarly situated, | ) ) ) ) | |
| Plaintiffs, | ) ) | Case No. 08 C 50015 |
| v. | ) ) | Judge Kapala |
| | ) | Magistrate Judge Mahoney |
| Local 150, International Union of Operating Engineers, AFL-CIO, | ) ) ) | Trial by Jury Demand |
| Defendant. | ) ) | |

**LOCAL 150's MOTION FOR PROTECTIVE ORDER
POSTPONING THE DEPOSITION OF LINDA SORIA**

Defendant International Union of Operating Engineers, Local 150, AFL-CIO ("Local 150"), moves pursuant to Rules 26(c) and Rule 45 of the Federal Rules of Civil Procedure for the entry of a protective order postponing the deposition of Linda Soria, currently scheduled for Friday, May 16, 2008. In support thereof, Local 150 states as follows:

1.    On April 25, 2008, Plaintiffs served Linda Soria with a subpoena for deposition and records. Ms. Soria is a former employee of Defendant Local 150. On May 5, 2008, ten days after it served the subpoena, counsel for Plaintiffs sent a letter to Local 150 enclosing a copy of the subpoena. Local 150 received a copy of the subpoena on May 7, 2008 (letters and subpoena attached hereto as Exhibits A and B).

2.    On May 9, 2008, counsel for Local 150 called <u>both</u> counsels for Plaintiffs and requested that Plaintiffs reschedule Ms. Soria's deposition. The same day, counsel for Local 150 sent a letter to Plaintiffs' counsels wherein he reiterated his request and further requested that Plaintiffs' counsel contact him so that the parties could convene a conference as contemplated by Local Rule 37.2. Given the Court's schedule and the impending deposition, counsel for Local

150 advised Plaintiffs' counsel that, absent a call back, he would file a Rule 26 Motion and notice it for Wednesday, May 14th (letter attached hereto as Exhibit C). Plaintiffs' counsel did not contact counsel for Local 150 to convene a Local Rule 37.2 conference.

3.　　Rule 26(c)(2) allows a district court to enter an order that "discovery may be had only on specified terms and conditions, including the designation of the time or place" in order "to protect a party from . . . from annoyance, embarrassment, oppression, or undue burden or expense. . ." Fed. R. Civ. P. 26(c)(2). In addition, Rule 45(c)(3)(A)(i) provides that, "[o]n timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it fails to allow reasonable time for compliance.

4.　　Significantly, Rule 45(b)(1) requires a party issuing a subpoena to provide "<u>prior notice</u> [to] . . . each party in the manner prescribed by Rule 5(b)." <u>Judson Atkinson Candies, Inc. v. Latini-Hohberger Dhimantec</u>, 476 F.Supp. 2d 913, 928 (N.D. Ill. 2007) (emphasis supplied); <u>see also</u> Rule 45(b)(1) Advisory Committee's Notes on 2007 amendments (courts "have tended to converge on an interpretation that requires notice to the parties before the subpoena is served on the person commanded to produce or permit inspection. That interpretation is adopted in amended Rule 45(b)(1) to give clear notice of general past practice").

5.　　In this case, Plaintiffs' counsel sat on the subpoena for ten days before putting it in the U.S. Mail system. Local 150 received the subpoena on May 7th—12 days after the subpoena was served.

6.　　The late notice of Ms. Soria's deposition is highly prejudicial to Local 150 since it is in the midst of finishing briefing on the Rule 56 Motion in the matter of <u>MES, et al. v. Local 150, et al.</u>. As this Court is aware, Ms. Barker is the named Plaintiff in this case and a central figure in the <u>MES</u> matter. Not coincidentally, Plaintiffs scheduled Ms. Soria's deposition for the

same day Local 150's Rule 56 Motion is due. Local 150 is requesting a brief extension so that it may complete the Rule 56 briefing and then prepare for Ms. Soria's deposition. The prejudice can be easily cured by ordering Plaintiffs to reschedule the deposition of Ms. Soria with proper notice.

7. Plaintiffs identified an affidavit in their possession from Ms. Soria in their Rule 26(a)(1) disclosures. Counsel for Local 150 has requested a copy of that affidavit prior to the deposition. A brief extension will allow enough time for Plaintiffs to produce the affidavit and for Local 150 to review it.

WHEREFORE, Local 150 respectfully requests that this Court enter an order pursuant to Rule 26(c) requiring Plaintiffs to postpone and reschedule the deposition of Linda Soria with proper notice or, in the alternative, quash the subpoena pursuant to Rule 45.

Date: May 12, 2008                           Respectfully submitted,

INTERNATIONAL UNION OF OPERATING ENGINEERS, LOCAL 150, AFL-CIO

By:  s/Bryan P. Diemer
       One of the Attorneys for Defendant Local 150

Attorneys for Defendant:
Dale D. Pierson
Bryan P. Diemer
Lauren S. Shapiro
Local 150 Legal Department
6140 Joliet Road
Countryside, IL  60525
Ph. 708/579-6663
Fx. 708/588-1647

## **CERTIFICATE OF SERVICE**

  The undersigned, an attorney of record, hereby certifies that on May 12, 2008, he electronically filed ***Defendant's Motion for Protective Order Postponing Deposition of Linda Soria*** with the Clerk of Court using the CM/CM/ECF system which sent notification to the following:

| | |
|---|---|
| Mr. Robert T. Hanlon | Mr. Dean J. Polales |
| The Law Offices of Robert T. Hanlon & Assoc., P.C. | Ungaretti & Harris, LLP |
| 14212 Washington Street | Three First National Plaza, Suite 3500 |
| Woodstock, IL  60098 | Chicago, IL  60602 |

              By: s/Bryan P. Diemer
                 One of the Attorneys for Defendant Local 150

Attorneys for Defendant:
Dale D. Pierson
Bryan P. Diemer
Lauren S. Shapiro
Local 150 Legal Department
6140 Joliet Road
Countryside, IL  60525
Ph. 708/579-6663
Fx. 708/588-1647