IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | |
|---|---|
| Tammy Barker, Timothy Robert Barker, and Melisa Merryman, on behalf of themselves and on behalf of those similarly situated, | ) ) ) ) |
| Plaintiffs, | ) Case No. 08 C 50015 ) |
| v. | ) District Judge Frederick J. Kapala ) Magistrate Judge P. Michael Mahoney |
| Local 150, International Union of Operating Engineers, AFL-CIO, | ) ) Trial by Jury Demanded ) |
| Defendant. | ) |

PLAINTIFFS' RESPONSE TO LOCAL 150'S MOTION FOR A PROTECTIVE ORDER
POSTPONING THE DEPOSITION OF LINDA SORIA

Now Comes the Plaintiffs with their response to *Local 150's Motion for Protective Order Postponing the Deposition of Linda Soria* (hereinafter Local 150's Motion") and state as follows:

Local 150's Motion ostensibly prays for the postponement of Mrs. Linda Soria's deposition for the following reasons: 1) Local 150 has too little time; 2) Rule 26 has an undue burden clause; 3) Plaintiffs have an affidavit of Ms. Soria that Local 150 has not requested; 4) Subpoena is defective.

### TOO LITTLE TIME

Continuing with its ongoing shotgun approach, Local 150 points to Rule 45(c)(3)(A)(i) for the proposition that if a subpoena fails to provide reasonable time for compliance the court may quash or modify the subpoena. See Local 150's Motion at ¶3. Here, however, Local 150 cites to a Rule specifically designed to protect persons subject to subpoena and Local 150 has admitted that Mrs. Soria is a former employee of Local 150 (i.e. not under its direction or

control). Accordingly, Local 150 has no standing to advance the rights of Mrs. Soria and cannot obtain relief designed for the deponent, Mrs. Soria. Notwithstanding Local 150's lack of standing, Mrs. Soria has been afforded ample opportunity to respond to the Subpoena, as evidenced by Local 150's own motion.

Local 150 also complains that nine to eleven full days notice is insufficient for Local 150. See Local 150 Motion ¶5. The argument is specious given that Local 150 can prepare a motion and seek relief for which Plaintiffs must respond in a far shorter period of time.

Local 150 also complains that a Rule 56 filing is due in a separate case on the date Plaintiffs seek to take the deposition of Ms. Soria. This contention is not relevant and is a fact that could have easily been avoided by Local 150. It is clear that Local 150's opposing counsel has asked Local 150 for an extension of time related to filing its Rule 56 motions and memorandum due to a death in that counsel's family. See Group Exhibit A. Why then did Local 150 not ask that counsel for a similar agreed order. Was it to provide an excuse for Local 150 to complain here? Furthermore, Local 150 Motion implies that Plaintiffs intentionally sought May 16, 2008 to burden Local 150. See Local 150 motion at ¶ 6. However the original order setting the date for summary judgment motions was set on April 29, 2008, after Mrs. Soria was served. (See docket entry 418 in MES et al v Local 150 et al 3:05-cv-50023.) Therefore there is no merit to Local 150's baseless innuendo. Notwithstanding the meritless suggestion, this Court on May 13, 2008 ordered dispositive motions in the MES Matter due on May 30, 2008.

### UNDUE BURDEN

Although Local 150 cites to Fed R. Civ. P. 26(C)(2), Local 150's motion fails to explain how it will suffer "annoyance, embarrassment, oppression, undue burden or expense." See Fed

R. Civ. P. 26(C)(2). See Motion at ¶3.  Rather, Local 150 merely recites the rule without undertaking the obligatory step of showing exactly how it is entitled to the relief it seeks under this Rule.   As a practical matter, Local 150 seeks time to "prepare for Ms. Soria's deposition", but has squandered its time by preparing and advancing a separate motion that would have consumed as much, or more time, then attending Mrs. Soria's deposition.

Although Local 150 fails to show how it is burdened by Plaintiffs' taking a witness deposition of a third party, the undue burden aspects of the rule cited by Local 150 is not a "catch all" phrase that allows a party to obstruct the taking of discovery by Plaintiffs.  Moreover, when counsel for Local 150 appeared before Judge Mahoney relative to the proposed case management order, Local 150 asked this court to have plaintiffs pursue discovery on the class claim first.  Although, that relief was not granted to the Defendants, this is exactly what the Plaintiffs have done in seeking the testimony of Ms. Soria.

### SORIA AFFIDAVIT

Local 150's Motion at paragraph 7 claims that production of the affidavit of Linda Soria ought to precede the deposition of Linda Soria, a third party witness.  However, Local 150 has not submitted a request to produce said affidavit to Plaintiffs before filing the subject Motion.  Additionally, it is the Plaintiffs' deposition for which the Plaintiff will serve its oral interrogatories to Mrs. Soria, not Local 150's deposition.  Defendant, Local 150 seeks delay here for no other reason than to interfere with Plaintiffs prosecution of this case.   Additional delay serves no purpose but to frustrate Plaintiffs claims for relief and add undue expense to the Plaintiffs.

**SUBPOENA DEFECTIVE**

In paragraph 2 of Local 150's Motion, Local 150 claims that it called both counsels for Plaintiffs and requested that Plaintiffs reschedule Mrs. Soria's deposition. This is not true. A call was received in Attorney Hanlon's office from Attorney Pierson, but the message left made no mention of rescheduling Ms. Soria's deposition. Upon return to Attorney Hanlon's office on May 12, 2008, a fax dated May 9, 2008 had been received and is attached to Defendant's motion.

In paragraph 4 of Local 150's motion, Local 150 claims that Rule 45B (1) (Service) provides for advance notice of subpoenas issued for the production of documents. However, here Plaintiffs seek to take the deposition of Linda Soria. Plaintiffs recognize that the recently amended rule now requires prior notice to Local 150 for the production of documents under a subpoena. Plaintiffs' counsel apologies to Local 150 for failing to notice Local 150 of the request for production. This error was the result of Attorney Hanlon having a 2007 rule book which did not contain the verbiage now contained within Rule 45(B)(1). However, Local 150 suffers no prejudice as they have knowledge of what is being sought. Further, no conference was held pursuant to Rule 37.2 of the Local Rules. More importantly, any notice defect or procedural defect was not even addressed in the fax letter from attorney Pierson, which Local 150 now seeks to rely upon as the basis for a motion on a discovery matter. Therefore, Local 150 has not undertaken steps necessary to comply with Local Rule 37.2 as it relates to any defect in the subpoena service timing. Accordingly, the court should not entertain Local 150's motion with respect to defects in service.

More importantly, Plaintiffs are still willing to proceed with the deposition of Mrs. Linda Soria absent the production of any documents from Ms. Soria. Plaintiffs will provide a new

subpoena to Ms Soria to satisfy the Defendant's demand for prior notice, should this court require a new subpoena.

WHEREFORE, Plaintiffs pray this honorable court to enter an order as follows:

1) Assess Local 150 for Plaintiffs attorney fees and cost incurred in responding to this motion;

2) Deny Local 150 its prayed for relief;

3) In the alternative to denying Local 150 its prayed for relief, allow Plaintiffs to continue to take the Deposition of Ms. Soria, absent the production of documents.

4) For such other and further relief as this Court deems equitable and just.

/s/ Robert T. Hanlon

Law Offices of Robert T. Hanlon & Assoc., P.C.
14212 Washington Street, #200
Woodstock, Illinois 60098
815-206-2200

Dean J. Polales
UNGARETTI & HARRIS, LLP
3500 Three First National Plaza
Chicago, Illinois 60602
(312) 977-4400

Attorneys for Plaintiffs

### SERVICE OF DOCUMENTS BY ELECTRONIC MEANS

I, Robert T. Hanlon, an attorney, certify service of this document was accomplished pursuant to ECF on all Electronic Filing Users of record, this 13th day of May 2008.

/s/ Robert T. Hanlon