# EXHIBIT A

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Frederick J. Kapala | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 05 C 50023 | **DATE** | 5/1/2008 |
| **CASE TITLE** | Midwest Eng'g Serv., Inc. et al. v. Int. Union of Op. Eng'r Local 150 | | |

**DOCKET ENTRY TEXT:**

Enter order regarding post-hearing briefs on motion for preliminary injunction.

■[ For further details see text below.]

Docketing to mail notices.

## STATEMENT

The parties are directed to address the following in their briefs:

1. What basis is there to disturb this court's order of May 24, 2006, finding that this matter grows out of a labor dispute, and therefore pursuant to Section 4 of the Norris-LaGuardia Act, 29 U.S.C. § 104, this court is without jurisdiction to issue the requested injunction?

2. What evidence has been presented demonstrating a change in circumstances making it appropriate to disturb this court's May 24, 2006, finding that it would not set the matter for a hearing on a preliminary injunction but, rather, the issue of any injunctive relief would be best taken with the merits?

3. What evidence has been presented, and what is the supporting authority, that there exists a labor dispute purportedly authorizing the ambulatory picketing taking place in this case?

4. State with specificity the evidence presented demonstrating the existence of a labor dispute(s).

5. According to the evidence, what union activity took place at the job sites once the union found out where the job sites were?

6. In this lawsuit, the plaintiffs are alleging that the union activities of Local 150 are violations of the Sherman Anti-Trust Act. Why is this lawsuit itself not a labor dispute?

**STATEMENT**

7.  Defendants will specifically identify the "protected activity" that they contend was retaliated against by plaintiffs which forms the basis of Local 150's Bill Johnson's charge.

8.  BE & K Constr. Co. v. N.L.R.B., 536 U.S. 516 (2002), deals with the standard for determining whether a purportedly retaliatory lawsuit is an "unfair labor practice," but Section 4 of the Norris-LaGuardia Act (29 USC § 104) deals with a "labor dispute" are they the same?  What is the significance of this distinction?

9.  Is there any authority that recognizes a Sherman Anti-Trust suit as a "retaliatory lawsuit"?

10. Direct the court to any authority that indicates that the "violence exception" to Section 4 of the Norris-LaGuardia Act (29 USC § 104) may be applied where the violence is less (both in intensity and frequency) than that which was at issue in Milk Wagon Drivers v. Meadowmoor Dairies, Inc., 341 U.S. 287 (1941).

11. Identify with specificity the evidence of violence that has been presented in this case?