IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | |
|---|---|
| Tammy Barker, Timothy Robert Barker, and Melisa Merryman, on behalf of themselves and on behalf of those similarly situated, | ) ) ) ) |
| Plaintiffs, | ) Case No. 08 C 50015 ) |
| v. | ) Judge Kapala ) Magistrate Judge Mahoney |
| Local 150, International Union of Operating Engineers, AFL-CIO, | ) ) Trial by Jury Demanded ) |
| Defendant. | ) |

**PLAINTIFFS' MOTION FOR
<u>PRELIMINARY INJUNCTIVE RELIEF</u>**

Plaintiffs Tammy Barker, Timothy Robert Barker, and Melisa Merryman ("Plaintiffs"), on behalf of themselves and on behalf of those similarly situated, by their undersigned counsel, and pursuant to Rule 65(a) of the Federal Rules of Civil Procedure and 18 U.S.C. § 2724(b)(4), hereby move this Court for a preliminary injunction against Defendant Local 150, International Union of Operating Engineers, AFL-CIO ("Local 150"). In support of this Motion, Plaintiffs state as follows:

1.      Count I of Plaintiffs' First Amended Complaint (the "Complaint") states a cause of action against Local 150 for violating the Driver's Privacy Protection Act of 1994, 18 U.S.C. § 2721 *et seq.* (the "DPPA").

2.      In particular, Local 150 has obtained, used, and/or disclosed Plaintiffs' and the proposed class's personal information contained in motor vehicle records acquired from the Illinois Secretary of State in direct contravention of the DPPA. *See* 18 U.S.C. § 2724(a).

3.      Further, upon information and belief, Local 150 continues to possess and use the personal information contained in these motor vehicle records. (*See* Am. Compl. ¶ 28).

1174781-1

4. Issuance of injunctive relief is appropriate in this case because (1) there is a substantial chance that Plaintiffs will succeed on the merits in proving that Local 150 has violated the DPPA and is liable thereunder; (2) absent the requested injunctive relief, Plaintiffs will continue to suffer irreparable harm (*i.e.* the continued unlawful invasion of their privacy) for which there is no adequate remedy at law; (3) a balancing of harms and the equities strongly favors an injunction; and (4) the public interest supports the issuance of the injunctive relief requested by Plaintiffs.

5. In further support of this Motion, Plaintiffs adopt and incorporate by reference their Memorandum of Law in Support of Their Motion for Preliminary Injunctive Relief (the "Supporting Memorandum").

WHEREFORE, for all of the foregoing reasons, and those reasons more fully set forth in their Supporting Memorandum, Plaintiffs respectfully request that this Court enter a preliminary injunction against Local 150 specifically:

    A. enjoining and restricting Local 150 and its officers, employees, and agents from possessing, using, or disclosing any "personal information" of Plaintiffs and the Class contained in motor vehicle records that Local 150 previously obtained in violation of the Driver's Privacy Protection Act, with Local 150 having the burden of establishing that any such personal information was lawfully obtained;

    B. enjoining and restricting Local 150 from obtaining any further "personal information" contained in motor vehicle records for any purpose not permitted and enumerated by Section 2721(b) of the Driver's Privacy Protection Act;

    C. ordering Local 150 to immediately tender to the Clerk of this Court all of the motor vehicle records it has obtained, including all copies thereof and all "personal information" of Plaintiffs and the Class derived therefrom, except to the extent that Local 150 establishes that any such records and information were lawfully obtained, and to certify under oath that it has done so;

    D. prohibiting Local 150 from otherwise violating the Driver's Privacy Protection Act; and

E.　　granting such additional relief in Plaintiffs' favor and against Local 150 as this Court deems fair, just, and equitable, including without limitation an award of Plaintiffs' reasonable costs and attorneys' fees incurred in preparing and presenting this Motion pursuant to 18 U.S.C. § 2724(b)(3), such expenses to be proven by separate verified petition.

Dated: August 22, 2008　　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　　/s/　Michael P. McBride
　　　　　　　　　　　　　　　　　　　　　One of Plaintiffs' Attorneys

Dean J. Polales (ARDC # 3125505)
Michael A. Ficaro (ARDC # 798738)
Michael P. McBride (ARDC # 6283481)
UNGARETTI & HARRIS, LLP
3500 Three First National Plaza
Chicago, Illinois 60602
(312) 977-4400

Robert T. Hanlon (ARDC # 6286331)
Law Offices of Robert T. Hanlon & Assoc., P.C.
14212 Washington Street, #200
Woodstock, Illinois 60098

Attorneys for Plaintiffs

## CERTIFICATE OF SERVICE

I, Michael P. McBride, an attorney, certify that I caused a true and correct copy of **PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTIVE RELIEF** and **NOTICE OF MOTION** to be served electronically pursuant to ECF upon the following on August 22, 2008:

>Dale D. Pierson
>Bryan P. Diemer
>Lauren S. Shapiro
>Local 150 Legal Department
>6140 Joliet Road
>Countryside, IL 60525

>/s/   Michael P. McBride
>One of Plaintiffs' Attorneys

1174781-1