IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | |
|---|---|
| Tammy Barker, Timothy Robert Barker, and Melisa Merryman, on behalf of themselves and on behalf of those similarly situated,<br><br>    Plaintiffs,<br><br>v.<br><br>Local 150, International Union of Operating Engineers, AFL-CIO,<br><br>    Defendant. | )<br>)<br>)<br>)<br>) Case No. 08 C 50015<br>)<br>) Judge Kapala<br>) Magistrate Judge Mahoney<br>)<br>) Trial by Jury Demanded<br>)<br>) |

## PLAINTIFFS' MOTION FOR CLASS CERTIFICATION

Plaintiffs Tammy Barker, Timothy Robert Barker, and Melisa Merryman ("Plaintiffs"), on behalf of themselves and on behalf of those similarly situated, by their undersigned counsel, and pursuant to Rule 23(c)(1) of the Federal Rules of Civil Procedure, hereby move this Court to certify Count I of Plaintiffs' First Amended Complaint as a class action. In support of this Motion, Plaintiffs state as follows:

1. Count I of Plaintiffs' First Amended Complaint (the "Complaint") states a cause of action against Defendant Local 150, International Union of Operating Engineers, AFL-CIO ("Local 150") for violating the Driver's Privacy Protection Act of 1994, 18 U.S.C. § 2721 *et seq.* (the "DPPA").

2. In particular, Local 150 has obtained, used, and/or disclosed Plaintiffs' and the proposed class's personal information contained in motor vehicle records acquired from the Illinois Secretary of State in direct contravention of the DPPA. *See* 18 U.S.C. § 2724(a).

1199842-1

3. The proposed class is defined as follows:

> Each and every individual whose name, address, and/or driver identification number (driver's license number), are contained in motor vehicle records obtained by [Local 150] from the office of the Illinois Secretary of State, without the express consent of such individuals, commencing 4 years prior to the date of the filing of this action and through the date of judgment herein, but excluding all Federal Judges and their family members within the first degree of consanguinity and persons who have expressly authorized the Illinois Secretary of State's office to provide third parties with their "personal information" for any purpose.

(Am. Compl. ¶ 29).

4. Certification of the above class would satisfy the requirements of Rule 23(a) of the Federal Rules of Civil Procedure because:

  a. the class is so numerous (indeed, in the millions) that joinder of all members is impracticable;

  b. there are questions of law and fact common to the class, namely Local 150's acquisition, use, and/or disclosure of each of the class member's personal information contained in motor vehicle records in violation of the DPPA;

  c. Plaintiffs' claims are typical of the claims of the class in that Plaintiffs' personal information was also wrongfully obtained by Local 150 in violation of the DPPA; and

  d. Plaintiffs and their counsel will fairly and adequately protect the interests of the class.

5. Having satisfied the requirements of Rule 23(a), Plaintiffs request that this Court certify the above class under Rule 23(b)(2) because (1) Local 150 has acted in a consistent manner towards the members of the class; and (2) injunctive relief is appropriate in this case, as requested in Plaintiffs' Complaint and Motion for Preliminary Injunctive Relief.

6. Alternatively, this Court should certify the above class under Rules 23(b)(1) or 23(b)(3). Certification under Rule 23(b)(1)(A) is proper because absent class certification, numerous separate actions could be brought by individuals in the proposed class against Local 150 for its violation of the DPPA. The inconsistent adjudications of these actions would create an

incompatible standard for Local 150. Certification under Rule 23(b)(1)(B) would also be proper because the threat of inconsistent adjudications could adversely affect the interests of the absent class members or subsequently impair their ability to adequately protect their interests.

7. Certification under Rule 23(b)(3) is proper because (1) common issues of law and fact predominate over any questions affecting only individual class members (*i.e.* the class seeks to remedy a common legal grievance); and (2) a class action is superior to other forms of adjudication, such as individual suits by the class members against Local 150.

8. In further support of this Motion, Plaintiffs adopt and incorporate by reference their Memorandum of Law in Support of Their Motion for Class Certification (the "Supporting Memorandum").

WHEREFORE, for all of the foregoing reasons, and those reasons more fully set forth in their Supporting Memorandum, Plaintiffs respectfully request that this Honorable court certify the above-defined class under Rule 23(b)(2), or alternatively, under Rules 23(b)(1) or 23(b)(3), and grant such other relief as this Court deems just and proper.

Dated: August 22, 2008                              Respectfully submitted,

                                                    /s/   Michael P. McBride
                                                    One of Plaintiffs' Attorneys

Dean J. Polales (ARDC # 3125505)
Michael A. Ficaro (ARDC # 798738)
Michael P. McBride (ARDC # 6283481)
UNGARETTI & HARRIS, LLP
3500 Three First National Plaza
Chicago, Illinois 60602
(312) 977-4400

Robert T. Hanlon (ARDC # 6286331)
Law Offices of Robert T. Hanlon & Assoc., P.C.
14212 Washington Street, #200
Woodstock, Illinois 60098

Attorneys for Plaintiffs

## CERTIFICATE OF SERVICE

    I, Michael P. McBride, an attorney, certify that I caused a true and correct copy of **PLAINTIFFS' MOTION FOR CLASS CERTIFICATION** and **NOTICE OF MOTION** to be served electronically pursuant to ECF upon the following on August 22, 2008:

    Dale D. Pierson
    Bryan P. Diemer
    Lauren S. Shapiro
    Local 150 Legal Department
    6140 Joliet Road
    Countryside, IL 60525

                                      /s/　Michael P. McBride
                                      One of Plaintiffs' Attorneys

1199842-1