## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## WESTERN DIVISION

| | |
|---|---|
| Tammy Barker, Timothy Robert Barker, and Melisa Merryman, on behalf of themselves and on behalf of those similarly situated, | ) ) ) |
| | ) |
| Plaintiffs, | ) Case No. 08 C 50015 |
| | ) |
| v. | ) Judge Kapala |
| | ) Magistrate Judge Mahoney |
| Local 150, International Union of Operating Engineers, AFL-CIO, | ) ) Trial by Jury Demanded |
| | ) |
| Defendant. | ) |

## PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF
## THEIR MOTION FOR PRELIMINARY INJUNCTIVE RELIEF

Plaintiffs Tammy Barker, Timothy Robert Barker, and Melisa Merryman ("Plaintiffs"), on behalf of themselves and on behalf of those similarly situated, by their undersigned counsel, submit this memorandum in support of their Motion For Preliminary Injunctive Relief against Defendant Local 150, International Union of Operating Engineers, AFL-CIO ("Local 150").

### INTRODUCTION

This lawsuit arises from Local 150's violations of the Driver's Privacy Protection Act of 1994, 18 U.S.C. § 2721 *et seq.* (the "DPPA" or the "Act"). In particular, and as more fully set forth below, Local 150 has obtained, used, and/or disclosed Plaintiffs' and the putative class's (the "Class") personal information contained in motor vehicle records in contravention of the DPPA. In doing so, and in continuing to obtain, use, possess, and/or disclose such personal information, Local 150 has unlawfully infringed upon Plaintiffs' and the Class's statutory rights and their rights to privacy. As a result of the foregoing, Plaintiffs and the Class have suffered, currently suffer, and will continue to suffer irreparable harm for which there is no adequate remedy at law.

Plaintiffs therefore seek a preliminary injunction against Local 150 granting them and the

Class the relief requested below, including but not limited to enjoining Local 150 from further

acquiring personal information in violation of the DPPA and immediately tendering to this Court all

personal information it has previously acquired in violation of the Act.

## STATEMENT OF FACTS

### I.     BACKGROUND.

Local 150 is a labor organization with its principal office located in Countryside, Illinois.

(Am. Compl. ¶ 6).  At all relevant times, Plaintiffs have been (a) Illinois residents, (b) owners of

vehicles registered in the State of Illinois, and (c) holders of Illinois driver's licenses.  (Tammy Aff.

¶¶ 3-4; Tim Aff. ¶¶ 3-5; Melisa Aff. ¶¶ 3-5).[1]  Plaintiffs have brought this action against Local 150

on behalf of themselves and on behalf of the Class, which is defined as:

> Each and every individual whose name, address, and/or driver identification number
> (driver's license number), are contained in motor vehicle records obtained by [Local
> 150] from the office of the Illinois Secretary of State, without the express consent of
> such individuals, commencing 4 years prior to the date of the filing of this action and
> through the date of judgment herein, but excluding all Federal Judges and their
> family members within the first degree of consanguinity and persons who have
> expressly authorized the Illinois Secretary of State's office to provide third parties
> with their "personal information" for any purpose.

(Am. Compl. ¶ 29).

### II.    LOCAL 150's ILLEGAL ACQUISITION AND USE OF PERSONAL INFORMATION IN CONNECTION WITH MOTOR VEHICLE RECORDS.

For many years, including from 2002 through 2005, Local 150 obtained from the Illinois

Secretary of State (the "Secretary of State") CDs, disks, and/or microfiche data containing

Illinois motor vehicle records on at least an annual or bi-annual basis.  (*See* Soria Aff. ¶ 3;[2]

---

[1]  The Affidavits of Tammy Barker ("Tammy Aff."), Timothy Robert Barker ("Tim Aff.") and Melisa
Merryman ("Melisa Aff.") are attached hereto as Exhibits 1, 2, and 3, respectively.
[2]  The Affidavits of Linda Soria ("Soria Aff."), Thomas Merryman ("Thomas Aff."), and Dan Jerger ("Jerger
Aff.") are attached hereto as Exhibits 4, 5, and 6, respectively.  Exhibits B and G of Mr. Jerger's affidavit
contain confidential "personal information" and, thus, have been partially redacted.  Plaintiffs intend to seek

Thomas Aff. ¶¶ 3, 7; Jerger Aff. ¶¶ 5-9; Exs. 7 & 8). Many, if not all, of these motor vehicle

records were obtained by Local 150 by paying the Secretary of State. (*See* Soria Aff. ¶ 11; Exs.

7 & 8). For instance, Local 150 obtained motor vehicle records containing personal information

under the following circumstances:

- On or about March 10, 2002, Local 150 executed an agreement for the purchase of "vehicle registration microfiche (plate number sequence)" from the Secretary of State, representing that its purpose for obtaining such motor vehicle records was "to check plates on construction sites only." (*See* Ex. 7). Local 150 paid $500.00 for such records with a check drawn on its bank account. (*Id.*).

- On or about June 4, 2003, Local 150 executed another agreement for the purchase of "vehicle registration microfiche (plate number and sequence)" from the Secretary of State, which Local 150 described as "the most current microfiche set: Registration – used to locate listings by plate number." (*See* Ex. 8). Local 150 again represented that its purpose for obtaining such motor vehicle records was "to check plates on construction sites only." (*Id.*). Local 150 paid $500.00 for such records with a check drawn on its bank account. (*Id.*).

- In or around October 2004, Local 150 obtained two searchable CDs (the "October 2004 CDs") embedded with Illinois motor vehicle records from the Secretary of State. (*See* Soria Aff. ¶ 3; Thomas Aff. ¶¶ 3, 7; Jerger Aff. ¶¶ 5-9).

- In 2005, Local 150 obtained one or more searchable CDs embedded with Illinois motor vehicle records from the Secretary of State. (*See* Soria Aff. ¶ 3).

The October 2004 CDs alone contain more than eleven million (11,000,000) Illinois motor

vehicle records, including records containing the personal information of Timothy and Tammy

Barker, Melisa Merryman, and, upon information and belief, the majority of the Class. (Thomas

Aff. ¶¶ 3, 7; Jerger Aff. ¶¶ 8-9, 15, Ex. G). Upon information and belief, the disks obtained by

Local 150 in 2002, 2003, 2005, and at other times also include motor vehicle records containing the

personal information of Plaintiffs and millions of other Illinois drivers, including some or all of the

Class.

The motor vehicle records contained on the aforementioned CDs and microfiche data

---

leave of this Court to file a complete version of Mr. Jerger's affidavit under seal pursuant to Local Rule 26.2.

include the following information relating to each registered vehicle: (a) owner's name; (b) owner's

address; (c) owner's driver's license number; (d) license plate number; (e) license expiration date;

(f) vehicle identification number; (g) vehicle type; and (h) reference number. (Soria Aff. ¶ 4; Jerger

Aff. ¶¶ 8-11). During the relevant time period, Local 150 reviewed these motor vehicle records to

obtain identifying personal information. (Soria Aff. ¶¶ 5-6; *see also* Jerger Aff. ¶¶ 12-13, Exs. D-

E). In particular, Local 150's then-president, William E. Dugan, instructed Local 150 employees to

obtain such personal information from the records. (Soria Aff. ¶ 10). Local 150 would then use

such information to locate and identify the names and home addresses of various members of the

Class, including, upon information and belief, Plaintiffs. (Soria Aff. ¶ 7).

        None of the Plaintiffs have ever provided Local 150 with their consent – written or

otherwise – to obtain, possess, use, or disclose any personal information about them, including

any information contained in motor vehicle records. (Tammy Aff. ¶ 7; Tim Aff. ¶ 8; Melisa Aff.

¶ 8). Additionally, no one in the Class – by its very definition – provided Local 150 with consent

to obtain, possess, use, or disclose any personal information about them. (*See* Am. Compl. ¶ 29).

Upon information and belief, Local 150 continues to possess and use the personal information

contained in these motor vehicle records. (Am. Compl. ¶ 28).

## RELEVANT LAW

## I.    THE DRIVER'S PRIVACY PROTECTION ACT.

### A.    Background and Purpose of the DPPA.

        Congress enacted the DPPA largely in response to mounting privacy and public safety

concerns arising from the easy access to personal information maintained by state motor vehicle

departments ("DMVs") by stalkers, harassers, would-be criminals, and other unauthorized

individuals. *See Margan v. Niles*, 250 F. Supp. 2d 63, 68 (N.D.N.Y. 2003) (citing DPPA

legislative history); *Parus v. Kroeplin*, 402 F. Supp. 2d 999, 1005-06 (W.D. Wis. 2005);

*Locate.Plus.Com, Inc. v. Iowa Dept. of Transp.*, 650 N.W.2d 609, 614 (Iowa 2002). Congress also sought to curb the common practice of states selling the information in motor vehicle records to businesses, marketers, and individuals. *See Reno v. Condon*, 528 U.S. 141, 143-44, 120 S. Ct. 666, 668 (2000) (citing DPPA legislative history); *Locate.Plus.Com*, 650 N.W.2d at 614.

**B.    Prohibition On Unsanctioned Disclosure and Acquisition of Personal Information.**

The DPPA restricts and regulates the disclosure, acquisition, use, and resale of an individual's personal information contained in motor vehicle records with the intent of limiting the information's release to only those persons who have a legitimate and lawful need for the information. *See Reno*, 528 U.S. at 143, 120 S. Ct. at 668; *Kehoe v. Fid. Fed. Bank & Trust*, 421 F.3d 1209, 1210 (11th Cir. 2005). Thus, save for certain enumerated exceptions such as situations involving government functions and motor vehicle safety, the DPPA forbids a state from disclosing motor vehicle records including an individual's personal information without the express permission from such individual. *See* 18 U.S.C. § 2721(a), (b); *Kehoe*, 421 F.3d at 1210.

Specifically, the DPPA provides that a state DMV "shall not knowingly disclose or otherwise make available" to anyone "personal information ... about any individual obtained by the [DMV] in connection with a motor vehicle record" except to the extent such disclosure is for one of the "permissible uses" enumerated in the Act and/or if the requesting party has obtained written consent from the individual to whom the personal information pertains. 18 U.S.C. § 2721(a), (b). The Act defines "personal information" as:

> [I]nformation that identifies an individual, including an individual's photograph, social security number, driver identification number, name, address (but not the 5-digit zip code), telephone number, and medical or disability information....

18 U.S.C. § 2725(3).

Similarly, the DPPA makes it "unlawful for any person knowingly to obtain or disclose

personal information, from a motor vehicle record, for any use not permitted under [Section

2721(b)]." 18 U.S.C. § 2722(a). It is also unlawful for a person to "make false representation[s] to

obtain any personal information from an individual's motor vehicle record." 18 U.S.C. § 2722(b).

### C.    Liability and Remedies For Impermissible Acquisition, Disclosure, Or Use of Personal Information.

The DPPA establishes a private cause of action for those individuals whose personal

information has been impermissibly obtained, disclosed, or used in violation of Sections 2721-22.

Specifically, the Act provides:

> A person who knowingly obtains, discloses or uses personal information, from a
> motor vehicle record, for a purpose not permitted [by the DPPA] shall be liable to
> the individual to whom the information pertains, who may bring a civil action ....

18 U.S.C. § 2724(a); *Kehoe*, 421 F.3d at 1212.    The DPPA also enumerates the following

remedies for a person's violation of the Act:

> (1) actual damages, but not less than liquidated damages in the amount of $2,500;
> (2) punitive damages upon proof of willful or reckless disregard of the law;
> (3) reasonable attorneys' fees and other litigation costs reasonably incurred; and
> (4) such other ***preliminary and equitable relief*** as the court determines to be
>      appropriate.

18 U.S.C. § 2724(b) (emphasis added).    As such, it is undisputed that Congress has explicitly

vested this Court with the use of its equitable powers to enforce the DPPA, including the power to

order the very type of preliminary injunctive relief currently sought by Plaintiffs.

**ARGUMENT**

## I.    THIS COURT SHOULD ENTER A PRELIMINARY INJUNCTION AGAINST LOCAL 150.

The facts of this dispute require that this Court grant Plaintiffs' Motion for Preliminary

Injunctive Relief. A district court may grant a preliminary injunction if the party seeking relief can

show (1) that the case has some likelihood of success on the merits; (2) that no adequate remedy at

law exists; and (3) that the party seeking relief will suffer irreparable harm if the injunction is not

granted. *Duct-O-Wire Co. v. U.S. Crane, Inc.*, 31 F.3d 506, 509 (7th Cir. 1994). If the moving party satisfies these conditions, the court must balance the harm to the nonmoving party if relief is granted. *Id.* Public interest in terms of the consequences of granting or denying the injunction to non-parties must also be considered by the court. *Id.* Here, each relevant factor strongly supports the entry of injunctive relief.[3]

## A.   Plaintiffs Are Likely To Succeed On The Merits, As They Will Be Able To Establish Local 150's Violation of the DPPA.

In order to show a likelihood of success on the merits at the preliminary injunction stage, Plaintiffs need only show that they have a "better than negligible" chance of succeeding on their DPPA claim, a low threshold. *See Meridian Mut. Ins. Co. v. Meridian Ins. Group, Inc.*, 128 F.3d 1111, 1114 (7th Cir. 1997) (reversing denial of preliminary injunction); *Int'l Kennel Club of Chicago, Inc. v. Mighty Star, Inc.*, 846 F.2d 1079, 1084 (7th Cir. 1988) (affirming issuance of preliminary injunction).

To succeed on their DPPA claim (*i.e.* to establish that Local 150 has violated, and is liable under, the DPPA), in turn, Plaintiffs must show that Local 150 knowingly obtained, disclosed, *or* used "personal information" from motor vehicle records for a purpose not authorized by the Act. *See* 18 U.S.C. § 2724(a); *Kehoe*, 421 F.3d at 1212; *Pichler v. UNITE*, 228 F.R.D. 230, 241-42 (E.D. Pa. 2005). Because the facts demonstrate that Local 150 has at least improperly *obtained* personal information contained in motor vehicle records, Plaintiffs are extremely likely to succeed on the merits.

---

[3] Whether to require a bond is a matter committed to the Court's discretion and Plaintiffs respectfully submit that a bond is not merited in this case. *See Prairie Band of Potawatomi Indians v. Pierce*, 75 F. Supp. 2d 1186, 1188-89 (D. Kan. 1999) (issuing preliminary injunction without requiring bond). As more fully stated below, no actual injuries to Local 150 could possibly flow from the issuance of the requested injunction because Local 150 was never entitled to obtain, possess, use, or disclose the personal information that is at issue.

1.    **Local 150 Obtained Plaintiffs' and the Class's "Personal Information"
From Motor Vehicle Records.**

As stated above, Local 150 has, on multiple occasions, obtained from the Secretary of State

disks containing millions of motor vehicle records that include, *inter alia*, the names, addresses, and

driver's license numbers of the vehicles' owners, including information pertaining to Plaintiffs and

– by definition – the Class. Because this certainly constitutes "personal information" under the

DPPA, *see* 18 U.S.C. § 2725(3), Local 150 would be liable for obtaining such records. *See Parus*

*v. Cator*, No. 05-C-0063-C, 2005 WL 2240955, at *5 (W.D. Wis. Sept. 14, 2005) (DPPA

"protects not only against the wrongful dissemination of private information, but also against the

wrongful acquisition of that information"). There can also be no doubt that Local 150's conduct

in acquiring and possessing such records cannot be justified by any of the exemptions in the

DPPA.

2.    **Local 150 Had Knowledge Of Its Acquisition and Use of Such "Personal
Information."**

To establish liability under the DPPA, Plaintiffs need not show that Local 150 knew that

its acquisition, disclosure, and/or use of the subject personal information was impermissible or

unlawful. *See Pichler*, 228 F.R.D. at 242 ("If one could not violate the DPPA without 'knowing'

that the purpose for which he 'obtained,' 'disclosed,' or 'used' motor vehicle information was

unlawful, then every defendant would get at least one free bite at the violation-of-privacy

apple"); *Rios v. Direct Mail Express, Inc.*, 435 F. Supp. 2d 1199, 1205 (S.D. Fla. 2006)

("Plaintiffs are not required to plead or prove that [defendant] knew that it was acting in a

manner not permitted under the DPPA"). Rather, Local 150 must have only (a) knowingly

obtained, disclosed, or used personal information, and (b) known that such information was from

motor vehicle records. *See Pichler*, 228 F.R.D. at 241-42. As such, any potential contention by

Local 150 that it was unaware that its actions were unlawful or was ignorant of the DPPA itself

would be immaterial.

In this case, it cannot seriously be disputed that Local 150 knowingly obtained personal information that it knew was from motor vehicle records. Indeed, Local 150 purchased and/or otherwise acquired the subject motor vehicle records from the Secretary of State with the very intent of accessing and using the personal information contained in such records. Likewise, it cannot be seriously disputed that Local 150 knowingly used the personal information from certain of these records when it searched the records contained on the CDs and microfiche in order to locate identifying information about certain members of the Class. As such, the DPPA's *scienter* requirement has been met.

### 3.    Local 150 Obtained and Used Such "Personal Information" For a Purpose Not Authorized By the DPPA.

Local 150's acquisition, possession, and use of the personal information it acquired from the Secretary of State was for purposes not permitted by the DPPA. First, it is clear that Plaintiffs and the Class – by its very definition – never consented to Local 150 obtaining, possessing, or using their personal information contained in the acquired motor vehicle records. (Tammy Aff. ¶ 7; Tim Aff. ¶ 8; Melisa Aff. ¶ 8). *See* 18 U.S.C. § 2721(b)(13).

Second, Local 150's stated justification for obtaining these motor vehicle records from the Secretary of State – at least as to those records obtained in March of 2002 and June of 2003 – was to "run plates on construction sites only." (*See* Exs. 7 & 8). This is clearly not an authorized basis for a requesting party to obtain any motor vehicle record containing personal information under the DPPA, much less a basis for acquiring what is believed to be the complete set of Illinois motor vehicle records. *See* 18 U.S.C. § 2721(b).[4]

---

[4] In the event that Local 150's proffered reason for obtaining the motor vehicle records was not the actual reason it sought them, such a fraudulent representation to the Secretary of State would also violate the Act. *See* 18 U.S.C. §2722(b).

Third, Local 150's actual use of the subject personal information – reviewing motor vehicle records to locate identifying information about certain members of the Class (including name and home address) – is certainly not a permissible use under the DPPA. *See* 18 U.S.C. § 2721(b).   Therefore, Local 150's acquisition, use, and possession of the subject personal information was and continues to be unauthorized and unlawful.

### 4. Plaintiffs Are Entitled to Recover Even In the Absence of Actual Damages.

A plaintiff need not prove actual damages as a result of a DPPA violation in order to recover the other remedies enumerated in the Act, including preliminary and equitable relief, as well as liquidated damages. *See* 18 U.S.C. § 2724(b); *Kehoe v. Fid. Fed. Bank & Trust*, 421 F.3d 1209, 1212 (11th Cir. 2005), *cert. denied*, 547 U.S. 1051, 126 S. Ct. 1612 (2006) (reversing district court's grant of summary judgment due to putative class plaintiff's failure to allege actual damages as a result of defendant's violation of DPPA).   Because the facts establish that Local 150 has violated the DPPA as to Plaintiffs and the members of the Class, they are all entitled to recover even in the absence of proof of actual damages as to any of them.

### 5. Plaintiffs' Claims Are Not Time-Barred.

In its Memorandum supporting its Motion to Dismiss or Stay, Local 150 argued that Plaintiffs' DPPA claim should be dismissed because there is a one-year statute of limitations for all privacy claims, including DPPA claims.   (Def. Memo pp. 14-15).   This contention is incorrect. First, as stated in Plaintiffs' response brief, Congress has prescribed that DPPA claims have a four-year statute of limitations. *See* 28 U.S.C. § 1658(a).   Second, the statute of limitations for such claims would not commence to run until Plaintiffs knew or had reason to know of their injury through the exercise of reasonable diligence, which was certainly less than four years prior the commencement of this Action. (*See* Tammy Aff. ¶ 9; Tim Aff. ¶ 10; Melisa

Aff. ¶ 10). Third, it is Plaintiffs' firm belief that Local 150 continues to possess and use the subject motor vehicle records to this date, which would constitute a continuing violation of the DPPA and eliminate any argument that Plaintiffs' claims are time-barred.

For the above reasons, Plaintiffs have shown a likelihood of success upon the merits.

**B.    Unless An Injunction Is Granted, Plaintiffs Will Continue To Suffer Irreparable Harm For Which They Have No Adequate Remedy At Law.**

While it is not necessary for Plaintiffs to make a strong showing of irreparable harm since they have presented a very strong case on the merits, *see Ty, Inc. v. GMA Accessories, Inc.*, 132 F.3d 1167, 1172 (7th Cir. 1997), the facts unquestionably demonstrate that Plaintiffs do not have an adequate remedy at law and will continue to be irreparably harmed if Local 150's actions are not halted prior to a final resolution of this matter.

Plaintiffs and the Class have already suffered an irreparable harm – the unlawful invasion of their privacy – as a result of Local 150's past actions, including the acquisition and use of their personal information. *See Parus*, 2005 WL 2240955, at *5 (a plaintiff is harmed when its personal information is obtained in violation of the DPPA because such acquisition infringes on a plaintiff's privacy). Most importantly for purposes of this Motion, however, Plaintiffs and the Class will continue to sustain further irreparable harm if this Court does not intervene and restrain Local 150 from (1) its continued possession, use, and/or disclosure of their personal information and (2) its unlawful acquisition of additional personal information contained in motor vehicle records. Local 150's transgressions are of an ongoing nature and its continued unlawful violation of Plaintiffs' and the Class's privacy cannot be prevented or fully rectified after the fact in a final judgment following trial. Simply put, without the issuance of a preliminary injunction, Plaintiffs and the Class cannot be made whole at the conclusion of this case.

For these reasons, Plaintiffs and the Class have no adequate remedy at law. A legal remedy is not adequate if it is not a clear, complete, practical, and efficient to the ends of justice. *See Cumis Ins. Soc'y, Inc. v. Peters*, 983 F. Supp. 787, 797 (N.D. Ill. 1997). Here, there is no clear and complete legal remedy that enables Plaintiffs and the Class to terminate the invasion of their privacy by Local 150. Although the DPPA provides for an award of damages (including liquidated damages of $2,500), this relief cannot make Plaintiffs or the Class whole without also prohibiting Local 150 from its continued unlawful possession and use of the ill gotten motor vehicle records, as well as the ongoing acquisition of such records. Indeed, the DPPA itself contemplates that preliminary injunctive relief may be necessary to prevent irreparable harm due to a violation of the Act. *See* 18 U.S.C. § 2724(b)(4).

Plaintiffs and the Class have suffered, currently suffer, and will continue to suffer an injury to their rights to – and expectation of – privacy afforded to them by DPPA until Local 150 tenders to this Court all of the motor vehicle records in its possession that were unlawfully obtained. An injunction is necessary to spare Plaintiffs and the Class further unnecessary and irreparable harm.

## C.    The Harm To Plaintiffs Absent Injunctive Relief Substantially Outweighs Any Potential Harm To Local 150.

In balancing the movant's interests with the harm to the nonmoving party if relief is granted, a court performs a "sliding scale" analysis: "the greater the moving party's chance of success on the merits, the less strong a showing must it make that the balance of harms is in its favor; conversely, the less likely it is that the moving party will succeed on the merits, the more the balance need weigh towards its side." *Duct-O-Wire*, 31 F.3d at 509. In this case, not only have Plaintiffs demonstrated a strong showing on the merits, but the balancing of potential harms also weighs heavily in favor of issuing an injunction against Local 150.

As stated above, the denial of injunctive relief would cause Plaintiffs and the Class to suffer additional injury in the form of further and unwarranted intrusions upon their privacy by Local 150, a harm that cannot possibly be effectively remedied following a trial. Local 150, on the other hand, would not be burdened or prejudiced in the least by the issuance of a preliminary injunction, except to the extent that it would no longer be able to obtain, possess, use, and/or disclose Plaintiffs' and the Class's personal information in direct violation of the DPPA for the duration of this case.

Because any potential harm to Local 150 would be self-imposed and entirely a result of its own wrongful conduct (*i.e.* Local 150 illegally obtained personal information it had no right to possess or use in the first place), and because the injunction requested merely seeks Local 150's compliance with the DPPA, the balancing of harms weighs strongly in favor of granting a preliminary injunction. *See Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Napolitano*, 85 F. Supp. 2d 491, 498 (E.D. Pa. 2000) (granting motion for preliminary injunction; "The self-inflicted nature of any harm suffered by the wrongdoer ... weighs heavily in favor of granting preliminary injunctive relief"); *see also Int'l Kennel Club*, 846 F.2d at 1091 ("defendants brought any alleged harm onto themselves...."). Simply put, because Local 150 never had any lawful right to the personal information contained in or derived from the motor vehicle records it obtained from the Secretary of State, it cannot now contend that being forced to give up such information for the pendency of this action would cause it injury.

Finally, even with the issuance of a preliminary injunction, Local 150 would still be free to lawfully obtain and use personal information in accordance with the DPPA. If Local 150 properly acquired any of the motor vehicle records in its possession (and can prove as much to this Court), it need not give them up. Likewise, if Local 150 has a genuine authorized purpose

for obtaining certain motor vehicles record in the future, it may acquire such records (and only those records) from the Secretary of State and/or elsewhere.

Thus, no legitimate irreparable harm would befall Local 150 if this Court grants a preliminary injunction.

### D.     The Public Interest Supports the Issuance of an Injunction.

Finally, the issuance of a preliminary injunction in this case overwhelmingly benefits the public interest. Indeed, the very conduct that Plaintiffs seek to enjoin – Local 150's continued possession, use, and disclosure of Plaintiffs' and the Class's personal information and future acquisition of such information – has specifically been declared unlawful by Congress in the DPPA. *See* 18 U.S.C. §§ 2722, 2724. Therefore, such conduct is clearly against the public interest. Likewise, the issuance of injunctive relief would further the policy goals established by the DPPA: namely, the public's interest in preventing unauthorized persons (in this case, Local 150) from intruding upon others' privacy through impermissibly obtaining their personal information contained in motor vehicle records. As such, this factor also weights in favor of the granting of preliminary injunctive relief.

### CONCLUSION

Issuance of injunctive relief is appropriate in this case because Plaintiffs have demonstrated that (1) there is a reasonable probability they will succeed on the merits; (2) absent injunctive relief, Plaintiffs and the Class will continue to suffer irreparable harm for which there is no adequate remedy at law; (3) a balancing of harms and the equities strongly favors Plaintiffs' position; and (4) the public interest supports the issuance of the requested injunctive relief. Accordingly, this Court should enter a preliminary injunction to preserve the rights of the parties while the pending dispute is resolved.

WHEREFORE, for all of the foregoing reasons, and those in Plaintiffs' Motion, Plaintiffs respectfully request that this Court enter a preliminary injunction against Local 150 specifically:

A.    enjoining and restricting Local 150 and its officers, employees, and agents from possessing, using, or disclosing any "personal information" of Plaintiffs and the Class contained in motor vehicle records that Local 150 previously obtained in violation of the Driver's Privacy Protection Act, with Local 150 having the burden of establishing that any such personal information was lawfully obtained (*see Pichler v. UNITE*, 457 F. Supp. 2d 524, 533-34 (E.D. Pa. 2006));

B.    enjoining and restricting Local 150 from obtaining any further "personal information" contained in motor vehicle records for any purpose not permitted and enumerated by Section 2721(b) of the Driver's Privacy Protection Act;

C.    ordering Local 150 to immediately tender to the Clerk of this Court all of the motor vehicle records it has obtained, including all copies thereof and all "personal information" of Plaintiffs and the Class derived therefrom, except to the extent that Local 150 establishes that any such records and information were lawfully obtained, and to certify under oath that it has done so;

D.    prohibiting Local 150 from otherwise violating the Driver's Privacy Protection Act; and

E.    granting such additional relief in Plaintiffs' favor and against Local 150 as this Court deems fair, just, and equitable, including without limitation an award of Plaintiffs' reasonable costs and attorneys' fees incurred in preparing and presenting their Motion pursuant to 18 U.S.C. § 2724(b)(3), such expenses to be proven by separate verified petition.

## <u>ORAL ARGUMENT REQUESTED</u>

Dated: August 22, 2008

Respectfully submitted,

/s/   Michael P. McBride
One of Plaintiffs' Attorneys

Dean J. Polales (ARDC # 3125505)
Michael A. Ficaro (ARDC # 798738)
Michael P. McBride (ARDC # 6283481)
UNGARETTI & HARRIS, LLP
3500 Three First National Plaza
Chicago, Illinois 60602
(312) 977-4400

Robert T. Hanlon (ARDC # 6286331)
Law Offices of Robert T. Hanlon & Assoc., P.C.
14212 Washington Street, #200
Woodstock, Illinois 60098

Attorneys for Plaintiffs

## CERTIFICATE OF SERVICE

I, Michael P. McBride, an attorney, certify that I caused a true and correct copy of

PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION FOR PRELIMINARY

INJUNCTIVE RELIEF to be served electronically pursuant to ECF upon the following on August

22, 2008:

> Dale D. Pierson
> Bryan P. Diemer
> Lauren S. Shapiro
> Local 150 Legal Department
> 6140 Joliet Road
> Countryside, IL 60525

> /s/   Michael P. McBride
> One of Plaintiffs' Attorneys

Case 3:08-cv-50015    Document 45-2    Filed 08/22/2008    Page 1 of 2

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## WESTERN DIVISION

| | |
|---|---|
| Tammy Barker, Timothy Robert Barker, and | ) |
| Melisa Merryman, on behalf of themselves | ) |
| and on behalf of those similarly situated, | ) |
| | ) |
| Plaintiffs, | ) Case No. 08 C 50015 |
| | ) |
| v. | ) Judge Kapala |
| | ) Magistrate Judge Mahoney |
| Local 150, International Union of | ) |
| Operating Engineers, AFL-CIO, | ) Trial by Jury Demanded |
| | ) |
| Defendant. | ) |

## AFFIDAVIT OF TAMMY BARKER

TAMMY BARKER, being duly sworn, deposes and states under oath as follows:

1.    My name is Tammy Barker. I am of legal age. I have personal knowledge of the facts contained in this affidavit and if called as a witness, I am competent to testify thereto.

2.    This affidavit is offered in connection with Plaintiffs' Motion for Preliminary Injunctive Relief and supporting memorandum in the above captioned case. This affidavit does not contain all of the facts that I know or believe about such case, but is directed to those facts that I believe are pertinent to the aforementioned motion.

3.    I have resided in the State of Illinois since approximately 1973. I have been the owner of a motor vehicle registered in Illinois since 1985 or thereabouts.

4.    I have been the holder of an Illinois driver's license since on or about 1985.

5.    I have never provided my home address – in writing or otherwise – to Local 150, International Union of Operating Engineers, AFL-CIO ("Local 150"), including any of its agents.



Case 3:08-cv-50015     Document 45-2     Filed 08/22/2008     Page 2 of 2

6.     Certain agents of Local 150 have been present in vehicles just outside my and my family's home on or about May 5th 2005. It is my belief and recollection that such agents first appeared outside of my home without having followed me to my home from another location.

7.     I have never provided Local 150 with consent – written or otherwise – to obtain, possess, use, or disclose any information about me, including any information about me contained in motor vehicle records, including but not limited to my name, address, and driver's license number.

8.     I have never provided the State of Illinois, including the Illinois Secretary of State, with consent – written or otherwise – to disclose any information about me to Local 150, including any information about me contained in motor vehicle records, including but not limited to my name, address, and driver's license number.

9.     I did not become aware that Local 150 had obtained or possessed motor vehicle records containing information about me until about January 11, 2008 or thereabouts.

**FURTHER AFFIANT SAYETH NAUGHT.**

Dated: August _14_, 2008

Tammy Barker

Subscribed and sworn to before me
this _14th_ day of August, 2008.

OFFICIAL SEAL
CHERYL A JANDERNOA
NOTARY PUBLIC - STATE OF ILLINOIS
MY COMMISSION EXPIRES:11/07/11

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

Tammy Barker, Timothy Robert Barker, and )
Melisa Merryman, on behalf of themselves )
and on behalf of those similarly situated, )
)
        Plaintiffs, ) Case No. 08 C 50015
)
    v. ) Judge Kapala
) Magistrate Judge Mahoney
Local 150, International Union of )
Operating Engineers, AFL-CIO, ) Trial by Jury Demanded
)
        Defendant. )

## <u>AFFIDAVIT OF TIMOTHY ROBERT BARKER</u>

TIMOTHY ROBERT BARKER, being duly sworn, deposes and states under oath as

follows:

1.     My name is Timothy Robert Barker. I am of legal age. I have personal

knowledge of the facts contained in this affidavit and if called as a witness, I am competent to

testify thereto.

2.     This affidavit is offered in connection with Plaintiffs' Motion for Preliminary

Injunctive Relief and supporting memorandum in the above captioned case. This affidavit does

not contain all of the facts that I know or believe about such case, but is directed to those facts

that I believe are pertinent to the aforementioned motion.

3.     I have resided in the State of Illinois since 1975 or thereabouts.

4.     I have been the owner of a motor vehicle registered in Illinois since 1983 or

thereabouts.

5.     I have been the holder of an Illinois driver's license since 1983 or thereabouts.



6.    I have never provided my home address – in writing or otherwise – to Local 150, International Union of Operating Engineers, AFL-CIO ("Local 150"), including any of its agents.

7.    Certain agents of Local 150 have been present in vehicles just outside my and my family's home on or about May 5th 2005. It is my belief and recollection that such agents first appeared outside of my home without having followed me to my home from another location.

8.    I have never provided Local 150 with consent – written or otherwise – to obtain, possess, use, or disclose any information about me, including any information about me contained in motor vehicle records, including but not limited to my name, address, and driver's license number.

9.    I have never provided the State of Illinois, including the Illinois Secretary of State, with consent – written or otherwise – to disclose any information about me to Local 150, including any information about me contained in motor vehicle records, including but not limited to my name, address, and driver's license number.

10.    I did not become aware that Local 150 had obtained or possessed motor vehicle records containing information about me until January 11, 2008 or thereabouts.

**FURTHER AFFIANT SAYETH NAUGHT.**

Dated: August 14, 2008

Timothy Robert Barker

Subscribed and sworn to before me
this 14th day of August, 2008.

OFFICIAL SEAL
CHERYL A JANDERNOA
NOTARY PUBLIC - STATE OF ILLINOIS
MY COMMISSION EXPIRES:11/07/11

2

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**WESTERN DIVISION**

| | |
|---|---|
| Tammy Barker, Timothy Robert Barker, and<br>Melisa Merryman, on behalf of themselves<br>and on behalf of those similarly situated, | )<br>)<br>)<br>) |
| Plaintiffs, | ) Case No. 08 C 50015<br>) |
| v. | ) Judge Kapala<br>) Magistrate Judge Mahoney |
| Local 150, International Union of<br>Operating Engineers, AFL-CIO, | )<br>) Trial by Jury Demanded<br>) |
| Defendant. | ) |

## AFFIDAVIT OF MELISA MERRYMAN

MELISA MERRYMAN, being duly sworn, deposes and states under oath as follows:

1.    My name is Melisa Merryman. I am of legal age. I have personal knowledge of the facts contained in this affidavit and if called as a witness, I am competent to testify thereto.

2.    This affidavit is offered in connection with Plaintiffs' Motion for Preliminary Injunctive Relief and supporting memorandum in the above captioned case. This affidavit does not contain all of the facts that I know or believe about such case, but is directed to those facts that I believe are pertinent to the aforementioned motion.

3.    I have resided in the State of Illinois since 1968 or thereabouts.

4.    I have been the owner of a motor vehicle registered in Illinois since 1990, or thereabouts.

5.    I have been the holder of an Illinois driver's license since 1985 or thereabouts.

6.    I have never provided my home address, in writing or otherwise, to Local 150, International Union of Operating Engineers, AFL-CIO ("Local 150"), including any of its agents.



7.    Certain agents of Local 150 were present just outside my and my family's home in August 2006 or thereabouts.

8.    I have never provided Local 150 with consent, written or otherwise, to obtain, possess, use, or disclose any information about me, including any information about me contained in motor vehicle records, including but not limited to my name, address, and driver's license number.

9.    I have never provided the State of Illinois, including the Illinois Secretary of State, with consent, written or otherwise, to disclose any information about me to Local 150, including any information about me contained in motor vehicle records, including but not limited to my name, address, and driver's license number.

10.    I did not become aware that Local 150 had or potentially may have obtained or possessed motor vehicle records containing information about me until on September 2006.

**FURTHER AFFIANT SAYETH NAUGHT.**

Dated: July 23, 2008

Melisa Merryman

Subscribed and sworn to before me
this 23rd day of July, 2008.

OFFICIAL SEAL
CHERYL A JANDERNOA
NOTARY PUBLIC - STATE OF ILLINOIS
MY COMMISSION EXPIRES:11/07/11

# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

Tammy Barker, *et al*                                )
                                    Plaintiffs,       ) CASE NO.
                                                     )
     v.                                              )
                                                     ) Judge
Local 150, International Union                       )
  Of Operating Engineers, AFL-CIO                    ) Magistrate
                                                     )
                                    Defendant.       )

## AFFIDAVIT OF LINDA SORIA

I, Linda Soria, being first duly sworn, under penalties as provided by law, certify that I have reviewed the statements contained in this Affidavit; that I have personal knowledge of the facts stated herein; that if called as a witness in this proceeding, I could competently testify to the facts stated in this affidavit; and that the statements contained in this affidavit are true and correct, except as to any matters stated to be on information and belief, and as to those matters I certify that I verily believe them to be true.

1)  I reside at 16152 South Leach Drive, Homer Glen, Illinois 60491.

2)  I was employed by Local 150, International Union of Operating Engineers, AFL-CIO (hereinafter "Local 150") commencing May 3, 1993 and ending September 30, 2006 or thereabouts.

3)  During my employment with Local 150, I regularly received microfiche and/or compact disks containing software and Illinois motor vehicle records on an annual or bi-annual basis. Local 150 received computer searchable disks containing motor vehicle records in October 2004 and in 2005.

4)  The output from the searchable CD referenced above and microfiche data contain the following information:

        a.  Plate number        e. Vehicle Identification Numbers
        b.  Expiration           f.  Owner's Name
        c.  Reference number   g. Owner's Address
        d.  Type of Vehicle     h. Owners Drivers License Number

5)  During my employment with Local 150, business agents would call me and ask for identifying personal information associated with various license plates. In each instance they would provide a license plate number.

6)  During my employment with Local 150, I would check the microfiche or open the software and look up the license plate number. When I could not find the identifying personal information for a given license plate, I would also call or email the CRF office. The CRF Office would then check the Lexis-Nexis database to see if the information was available and if it was, send it to me. I would obtain personally identifying information on Wisconsin license plates by



calling the Local 139, International Union of Operating Engineers, AFL-CIO. I would then provide the personally identifying information to the Local 150 Business Agent that requested it.

7) During the course of my employment, I learned that Local 150 Business Agents would use the personal information provided from the motor vehicle records to locate homes of employers, names and address of employees, identity of a given employee's spouse and friends even though it was supposed to be used to monitor construction jobs.

8) Providing license plate information to Local 150 Business Agents was a secondary part of my job.

9) 2005 was the last year in which Local 150 obtained motor vehicle records from the Illinois Secretary of State. In 2006, the Secretary of State's office would not provide any further motor vehicle records.

10) I was originally instructed to provide personal information listed above in paragraph 4 above to Local 150 Business Agents by William E. Dugan, who is personally known to me to be the President and Business Manager of Local 150, International Union of Operating Engineers, AFL-CIO.

11) Local 150 made payment to the Illinois Secretary of State for the microfiche and the computer disks received by it, containing motor vehicle records.

12) I recall providing personally identifying information from license plates to the following Local 150 employees during my employment at Local 150 as part of my ordinary work:

        a.  Mike Aprile;
        b.  Joe Farrell;
        c.  Jim Schweihs;
        d.  Nicholas Cline;
        e.  Thomas Rottman;
        f.  Ryan Drew; and
        g.  Charles August.

13) This affidavit is not intended to be a complete account of all matters known to me and was prepared for the limited purpose of enumerating the facts contained herein.

Affiant Further Sayeth Naught.

Linda Soria

Subscribed and Sworn to before me this
11th day of January, 2008

Notary Public

OFFICIAL SEAL
CASEY GOLDMAN
NOTARY PUBLIC - STATE OF ILLINOIS
MY COMMISSION EXPIRES:07/18/11

### IN THE UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF ILLINOIS
### WESTERN DIVISION

| | |
|---|---|
| Tammy Barker, Timothy Robert Barker, and Melisa Merryman, on behalf of themselves and on behalf of those similarly situated, | ) ) ) ) |
| Plaintiffs, | ) Case No. 08 C 50015 ) |
| v. | ) Judge Kapala ) Magistrate Judge Mahoney |
| Local 150, International Union of Operating Engineers, AFL-CIO, | ) ) Trial by Jury Demanded |
| Defendant. | ) ) |

### AFFIDAVIT OF THOMAS MERRYMAN

THOMAS MERRYMAN, being duly sworn, deposes and states under oath as follows:

1.     My name is Thomas Merryman. I am of legal age. I have personal knowledge of the facts contained in this affidavit and if called as a witness, I am competent to testify thereto.

2.     This affidavit is offered in connection with Plaintiffs' Motion for Preliminary Injunctive Relief and supporting memorandum in the above captioned case. This affidavit does not contain all of the facts that I know or believe about such case, but is directed to those facts which may be pertinent to the aforementioned motions.

3.     On or about October 10, 2006, Joseph Ward, who I knew to be the Treasurer of Local 150, International Union of Operating Engineers, AFL-CIO ("Local 150"), delivered to me with two (2) CDs.

4.     The first of the Subject CDs (hereinafter, "CD1") is labeled "Vehicle Services / Secretary of State / Passenger / Fall Listing 04-05 / ISSUED OCT 04."



5.    The second of the Subject CDs (hereinafter, "CD2") is labeled "Vehicle Services / Secretary of State / Calendar & Fiscal / Fall Listing 04-05 / ISSUED OCT 04."

6.    Exhibit 1 to this Affidavit appears to be a true and correct photo reproduction of the CDs that Joseph Ward delivered to me.

7.    Joseph Ward told me that Local 150 obtained both CDs from the Illinois Secretary of State in October 2004 and similar CDs thereafter.

8.    At no time did I ever use the CDs, or install the CDs on any computer.

9.    Since the time I received CD1 & CD2, I did not review the contents of either CD.

10.    I have no personal knowledge as to the content of the material or data contained on CD1 or CD2.

**FURTHER AFFIANT SAYETH NAUGHT.**

Dated: August 21, 2008

_____
Thomas Merryman

Subscribed and sworn to before me
this 21st day of August, 2008.

OFFICIAL SEAL
TARA-LYN HOOVER
NOTARY PUBLIC - STATE OF ILLINOIS
MY COMMISSION EXPIRES:02/28/10

1184899-1                                                    2







Exhibit A : 1 of 2





# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### WESTERN DIVISION

| | |
|---|---|
| Tammy Barker, Timothy Robert Barker, and<br>Melisa Merryman, on behalf of themselves<br>and on behalf of those similarly situated, | )<br>)<br>)<br>) |
| Plaintiffs, | ) Case No. 08 C 50015<br>) |
| v. | ) Judge Kapala<br>) Magistrate Judge Mahoney |
| Local 150, International Union of<br>Operating Engineers, AFL-CIO, | )<br>) Trial by Jury Demanded<br>) |
| Defendant. | ) |

## AFFIDAVIT OF DAN JERGER

**DAN JERGER**, being duly sworn, deposes and states under oath as follows:

1.    My name is **DAN JERGER**. I am of legal age. I have personal knowledge of the facts contained in this affidavit and if called as a witness, I am competent to testify thereto.

2.    This affidavit does not contain all of the facts that I know or believe about this matter, but is directed to those facts that are referenced herein.

3.    I am currently employed by Quest Consultants International, Ltd., a private investigation firm licensed by the State of Illinois. My position title is Vice President of Information Technology Consulting.

4.    I received a sealed package that contained two compact discs (collectively, the "Subject CDs").

5.    The first of the Subject CDs (hereinafter, "CD1") is labeled "Vehicle Services / Secretary of State / Passenger / Fall Listing 04-05 / ISSUED OCT 04".



1

6.    The second of the Subject CDs (hereinafter, "CD2") is labeled "Vehicle Services / Secretary of State / Calendar & Fiscal / Fall Listing 04-05 / ISSUED OCT 04".

7.    Exhibit A to this Affidavit, which is 2 pages, is a photocopy of the Subject CDs, which accurately depicts the exterior of the Subject CDs.

8.    CD1 contains a total of 8,332,432 records, with each record containing data fields for the following information:

    a)  "PLATE #"

    b)  "EXPIR"  (a three-character month and two-character year, *e.g.* JUN05)

    c)  "REF #"  (not all records contain a REF #)

    d)  "VEHICLE"  (appears to contain manufacturers of motor vehicles, *e.g.* ACURA, CHEVROLET, SATURN)

    e)  "YR"  (appears to be a two-digit year, *e.g.* 02, 97, 92)

    f)  "BS"  (appears to be two characters, *e.g.* 4D, 2D, VN)

    g)  "V.I.N."  (appears to be generally a 17 character alphanumeric string)

    h)  "*NAME, ADDRESS, AND ZIP CODE  (* DENOTES MULTIPLE OWNER)"

    i)  "D.L.#"  (not all records contain a D.L.#; generally appears to be a 12 character alphanumeric string)

    j)  an unnamed single character field without a header

9.    CD2 contains a total of 3,293,989 records, with each record containing data fields for the following information:

    a)  "PLATE #"

    b)  "EXPIR"  (a three-character month and two-character year, *e.g.* JUN05)

    c)  "REF #"  (not all records contain a REF #)

    d)  "VEHICLE"  (appears to contain manufacturers of motor vehicles, *e.g.* ACURA, CHEVROLET, SATURN)

    e)  "YR"  (appears to be a two-digit year, *e.g.* 02, 97, 92)

    f)  "BS"  (appears to be two characters, *e.g.* 4D, 2D, VN)

g) "V.I.N." (appears to be generally a 17 character alphanumeric string)

h) "*NAME, ADDRESS, AND ZIP CODE (* DENOTES MULTIPLE OWNER)"

i) "D.L.#" (not all records contain a D.L.#; generally appears to be a 12 character alphanumeric string)

j) an unnamed single character field without a header

10.    Exhibit B to this Affidavit, which is 1 page, is a document depicting a sample output from CD1 which I captured on or about August 18, 2008, which truly and accurately depicted my computer screen at the time ("screen capture") when I was running the software on CD1.

11.    Exhibit C to this Affidavit, which is 2 pages, is a document depicting a sample output from CD2 which I captured on or about August 18, 2008, which truly and accurately depicted my computer screens at the time ("screen captures") when I was running the software on CD2.

12.    Group Exhibit D to this Affidavit contains four pages depicting the sequence of steps to initiate a license plate search which I captured on or about August 18, 2008, which truly and accurately depicted my computer screens at the time ("screen captures") when I was running the software on CD1.

13.    Group Exhibit E to this Affidavit contains eight pages depicting the sequence of steps to initiate a license plate search which I captured on or about August 18, 2008, which truly and accurately depicted my computer screens at the time ("screen captures") when I was running the software on CD2.

14.    According to the information contained on the Subject CDs, the software embedded on the Subject CDs is developed by DatagraphiX, a business unit of Anacomp Inc., and is named "InfoLife". Exhibit F to this Affidavit, which is 2 pages, is a document that I

Case 3:08-cv-50015    Document 45-7    Filed 08/22/2008    Page 4 of 26

captured on or about August 18, 2008, which contains application information menu output from both CD1 and CD2 and which accurately depicts my computer screens at the time ("screen captures") when I was running the software on CD1 and CD2.

15.    Exhibit G to this Affidavit, which is 3 pages, depicts the results of searches for license plates "4479401", "D566769", and "MRYMAN", respectively, which I captured on or about August 20, 2008, which truly and accurately depicted my computer screens at the time ("screen captures") when I was running the software on CD1.

**FURTHER AFFIANT SAYETH NAUGHT.**

Dated: August 22, 2008

DAN JERGER

Subscribed and sworn to before me
this 22nd day of August, 2008.

8/22/08

"OFFICIAL SEAL"
Nicolas Lucio
Notary Public, State of Illinois
My Commission Expires June 23, 2009





Case 3:08-cv-50015    Document 45-7    Filed 08/22/2008    Page 6 of 26



Intelite - [Passenger 04-05 Name, Address, DL# -]

Application  Edit  Options  Access  Annotation  Image  Window  Help

`101`   `1123%`

PASSENGER   04-05 PASSENGER        ISSUED OCT 04        CDROM 001

*NAME, ADDRESS, AND ZIP CODE (* DENOTES MULTIPLE OWNER)        D.I.#

REDACTED

| PLATE # | EXPIR | REF # | VEHICLE | YR | BS | V.I.N. |
|---|---|---|---|---|---|---|
| 6182 | JUL05 | 6182 | ACURA | 98 | 4D | JH4KA7667WC024388* |
| 6183 | OCT05 | 6183 | DODGE | 97 | VN | 2B4FP25S1VR214106* |
| 6183 | OCT05 | 6183 | CHEVROLET | 98 | UT | 1GNDT13W4W2292061 |
| 6184 | OCT05 | 6184 | BUICK | 01 | 4D | 1G4HR54K51U135580 |
| 6185 | OCT05 | 6185 | CADILLAC | 00 | 4D | 1G6KD54Y6YU265216* |
| 6186 | OCT05 | 6186 | CHEVROLET | 01 | 4D | 1G1ND52J31L219996* |
| 6187 | DEC04 | 6187 | JEEP | 06 | UT | 1J4GW48N66C404312 |
| 6188 | AUG05 | 6188 | PORSCHE | 03 | UT | WP1AC29P33LA90124 |
| 6189 | DEC04 | 6189 | BUICK | 92 | 4D | 1G4NJ52M9NC648461 |
| 6190 | NOV04 | 6190 | BUICK | 01 | CV | 1G4CW52K1Y4231130 |
| 6191 | JUN05 | 6191 | VOLKSWAGEN | 01 | CV | 3VWBC21V71WB02014 |
| 6192 | MAY05 | 6192 | CHRYSLER | 94 | 4D | 2C3HD56F7RH255051 |
| 6193 | OCT05 | 6193 | CADILLAC | 94 | 4D | 1G6KD52B6RU231136 |
| 6194 | APR05 | 6194 | MERCURY | 02 | UT | 1MEHM75W6YG600277* |
| 6195 | JUN05 | 6195 | ISUZU | 02 | UT | JACDJ58X27J05134* |
| 6196 | NOV04 | 6196 | SATURN | 01 | 4D | 1G8ZK5270L2229715 |
| 6197 | NOV05 | 6197 | SATURN | 99 | 4D | 1G8ZK5275XZ149836* |
| 6198 | NOV04 | 6198 | BUICK | 95 | 4D | 1G4HP52K9SH435257 |
| 6199 | NOV05 | 6199 | OLDSMOBIL | 99 | 4D | 1G3NL52E6... |
| 6200 | MAR05 | 6200 | LEXUS | 95 | 4D | JT6HF10U7X0029977* |
| 6201 | SEP05 | 6201 | BUICK | 01 | 4D | 1GNDT13W4W081201 |
| 6202 | AUG05 | 6202 | OLDSMOBIL | 99 | 4D | 1G3WS52H81F244427* |
| 6203 | MAR05 | 6203 | CHEVROLET | 04 | 4D | 1G6ED54Y03U761444* |
| 6204 | OCT05 | 6204 | HONDA | 04 | 4D | 1HGCM56304A031749* |
| 6205 | OCT05 | 6205 | CADILLAC | 04 | 4D | 1G6KS54Y94U142357 |
| 6206 | MAR05 | 6206 | LINCOLN | 02 | 4D | 1LNHM82W02Y651558 |
| 6207 | MAR05 | 6207 | CADILLAC | 02 | CP | 1G6EL12Y2YB162 |
| 6208 | APR05 | 6208 | OLDSMOBIL | 98 | 4D | 1G1HN52R6W4614981 |
| 6209 | AUG05 | 6209 | CADILLAC | 93 | 4D | 1G6KS54Y84PU812163* |
| 6210 | APR05 | 6210 | CADILLAC | 85 | CP | 1G6EL57B6FE615558 |
| 6211 | APR05 | 6211 | BUICK | 00 | CP | 1G6ET1297YB700308 |
| 6212 | APR05 | 6212 | BUICK | 04 | CP | 1G4GD1249Z0999332* |
| 6213 | APR05 | 6213 | GMC | 03 | LL | 1GKDT13W22S232577 |
| 6214 | MAY05 | 6214 | CHEVROLET | 04 | 4D | 2G1WF52E149183315* |
| 6215 | NOV05 | 6215 | MERCEDES- | 03 | 4D | WDBUF65J43A135577 |
| 6216 | APR05 | 6216 | CHEVROLET | 80 | 4D | 1N69XAS102963 |
| 6217 | APR05 | 6217 | CHEVROLET | 89 | VN | 1GBCM15ZXK2539494 |
| 6218 | AUG05 | 6218 | HONDA | 90 | 4D | 1HG3T65R5LA029965* |
| 6219 | JAN05 | 6219 | CHEVROLET | 01 | SW | 3FAFP11301R231802* |
| 6220 | JUN05 | 6220 | FORD | 99 | 4D | 1MDDL01DMXC207631* |
| 6221 | MAY05 | 6221 | NISSAN | 96 | 4D | WDBJF55F7TJ003178 |
| 6222 | MAY05 | 6222 | MERCEDES- | 01 | 4D | 1FAFP55U01A284920 |
| 6223 | JUN05 | 6223 | FORD | 98 | LL | 1V1GZ88DXJC133251 |
| 6224 | DEC04 | 6224 | VOLVO | 89 | 4D | L2G29B824W223232 |
| 6225 | MAY05 | 6225 | JEEP | 03 | 4D | 1G3CW54CXK4312271 |
| 6226 | AUG05 | 6226 | OLDSMOBIL | 01 | LL | 1G6KD54Y81U200356 |
| 6227 | MAR05 | 6227 | CADILLAC | 85 | 4D | Y93EH49G93I007239 |
| 6228 | APR05 | 6228 | SAAB | 96 | 4D | 1LNBP96R0FY709196 |
| 6229 | APR05 | 6229 | LINCOLN | 97 | 4D | 4T1BG22K0VU112033* |
| 6230 | OCT05 | 6230 | LINCOLN | 03 | 4D | 1LSNCT1BW3Y612729 |
| 6231 | OCT05 | 6231 | MERCURY | 95 | SW | 2B4GM45R2SR362696 |
| 6232 | OCT05 | 6232 | CHEVROLET | 03 | VN | 1G6DX03R43D152064 |
| 6233 | JUN05 | 6233 | TOYOTA | 01 | 4D | 1LNHM82W4XY631526* |
| 6234 | JUN05 | 6234 | DODGE | 98 | 4D | 1FMPU16L65LB014 |
| 6235 | JUL05 | 6235 | CHEVROLET | 95 | 4D | 1G6KS57941U111317 |
| 6236 | MAR05 | 6236 | LINCOLN | 03 | LL | 1GRGC26M3XJ700570 |
| 6237 | APR05 | 6237 | FORD | 04 | LL | 1FMZU73R42A95724 |
| 6238 | APR05 | 6238 | CADILLAC | 01 | LL | 1G6KS54Y03U029141* |
| 6239 | OCT04 | 6239 | GMC |  |  |  |
| 6240 | JUN05 | 6240 | FORD |  |  |  |
| 6241 | JUN05 | 6241 | CADILLAC |  |  |  |
| 6242 | JUN05 | 6242 |  |  |  |  |
| 6243 | DEC04 | 6243 |  |  |  |  |

D

CODE DEFINITIONS-

R=REVOKED PLATE   D=DESTROYED PLATE   P=CHANGE PENDING   L=LEASED VEHICLE   S=SHORT-TERM RENTAL   T=TRANSFER

Press F1 for Help

Page    Single    NUM

Exhibit B - 1 of 1

REDACTED

InfoLife - [Calendar 04-05 Name, Address, DL# ]

Application Edit Options Access Annotation Image Window Help

MOTORCYCLE   04-05 CAL-MISC   *NAME, ADDRESS, AND ZIP CODE   (* DENOTES MULTIPLE OWNER)   D.I. #

ISSUED   OCT 04   FICHE 001

| PLATE # | EXPIR | REP # | VEHICLE | YR | BS | V.I.N. |
|---|---|---|---|---|---|---|
| CMCY10182 | MAR05 | CMCY10182 | KYMCO | 01 | MS | RFBB01A011B01697 |
| CMCY10183 | MAR05 | CMCY10183 | KYMCO | 00 | MS | RFBB9301D15D0590* |
| CMCY10184 | MAR05 | CMCY10184 | YAMAHA | 02 | MS | JYA8A17A02A00957A |
| CMCY10185 | MAR05 | CMCY10185 | HONDA | 84 | MS | JH2JF010XES002729 |
| CMCY10186 | MAR05 | CMCY10186 | HONDA | 02 | MC | JH2AF600192M002267 |
| CMCY10187 | MAR04 | BMCC3853 | HONDA | 78 | MC | VC751105317 |
| CMCY10188 | MAR05 | CMCY10188 | UNITED MT | 01 | MC | RFIDF05B01A002229 |
| CMCY10189 | MAR05 | CMCY10189 | KINETIC | 01 | MC | MDEXMDTA51A01B049* |
| CMCY10190 | MAR05 | CMCY10190 | YAMAHA | 88 | MS | JYA2VA09A2A01871 |
| CMCY10191 | MAR05 | CMCY10191 | HONDA | 99 | MS | 3H1HF09301XD401833 |
| CMCY10192 | MAR05 | CMCY10192 | HONDA | 98 | MS | 3H1HF0306WD300267 |
| CMCY10193 | MAR05 | CMCY10193 | HONDA | 99 | MB | 3H1HF9308XD401423 |
| CMCY10194 | MAR05 | CMCY10194 | HONDA | 91 | MS | JH2PD010MMS0014624* |
| CMCY10195 | MAR05 | CMCY10195 | HONDA | 00 | MS | 3H1HF0305YD300651 |
| CMCY10196 | MAR05 | CMCY10196 | HONDA | 86 | MS | JH2RF03046S113789 |
| CMCY10197 | MAR05 | CMCY10197 | HONDA | 75 | MC | 465000744 |
| CMCY10198 | MAR05 | CMCY10198 | HONDA | 02 | MS | 3H1HF93022D701793 |
| CMCY10199 | MAR05 | CMCY10199 | KYMCO | 02 | MS | RFBBLAA072B102760 |
| CMCY10200 | MAR04 | CMCY10200 | KYMCO | 01 | MC | RFBB2AA021B131223 |
| CMCY10201 | MAR04 | CMCY3746 | HONDA | 61 | MC | VA125A591 |
| CMCY10202 | MAR05 | CMCY10202 | PALM BRB | 02 | MS | FMYCA13A611302325 |
| CMCY10203 | MAR05 | CMCY10203 | YAMAHA | 99 | MS | VG54UXA00XA104690 |
| CMCY10204 | MAR05 | CMCY10204 | HONDA | 89 | MC | JH2AF170XKKL123205 |
| CMCY10205 | MAR05 | CMCY10205 | HONDA | 99 | MC | RHAWMC182KP001654 |
| CMCY10206 | MAR05 | CMCY10206 | WHIZZER | 81 | MC | JH2AA01012TB512723 |
| CMCY10207 | MAR05 | CMCY10207 | HONDA | 99 | MS | JH2HF93081D102288 |
| CMCY10208 | MAR05 | CMCY10208 | HONDA | 88 | MS | JH2AF1707XN001500 |
| CMCY10209 | MAR04 | JMCY1511 | HONDA | 01 | MD | MDEXMDTA61A01B416 |
| CMCY10210 | MAR05 | CMCY10210 | KINETIC | 01 | MD | MDEXMDTA61A01B416 |
| CMCY10211 | MAR04 | JMCY7913 | HONDA | 99 | MS | 3H1HF0300XD700897 |
| CMCY10212 | MAR04 | JMCY7796 | APRILLA | 01 | MS | ZD4PFF101XS00143B |
| CMCY10213 | MAR05 | CMCY10213 | AVANTI | 80 | MS | JH2A160RKE00292D |
| CMCY10214 | MAR05 | CMCY10214 | AVANTI | 01 | MS | ME2BARA02SVAC0B599 |
| CMCY10215 | MAR05 | CMCY10215 | CLINTON | 01 | MS | JYA32ECO91A042543 |
| CMCY10216 | MAR04 | JMCY902 | LIN HAI | 89 | MC | SAL2084 |
| CMCY10217 | MAR05 | CMCY10217 | YAMAHA | 02 | MC | L1GMALT2B21162680 |
| CMCY10218 | MAR05 | CMCY10218 | SUZUKI | 83 | MS | JS1FZ11AS01139901* |
| CMCY10219 | MAR05 | CMCY10219 | SUZUKI | 83 | MC | JS1FZ11A1D1138605* |
| CMCY10220 | MAR05 | CMCY10220 | HONDA | 84 | MC | JH2RF03XFS0129003 |
| CMCY10221 | MAR04 | VMCY902 | HONDA | 84 | MB | JH2HF0107EBI102273* |
| CMCY10222 | MAR04 | JMCY3419 | DERBI | 00 | MS | VTHPREDB7YG150498 |
| CMCY10223 | MAR05 | CMCY10223 | YAMAHA | 87 | MS | JYA28E009HA701989 |
| CMCY10224 | MAR05 | CMCY10224 | YAMAHA | 83 | MS | JYASA17A21A003970* |
| CMCY10225 | MAR05 | CMCY10225 | HONDA | 82 | MC | JH2DA01A0GS028101 |
| CMCY10226 | MAR05 | CMCY10226 | SUZUKI | 87 | MS | JS1FZ12A5R3101784 |
| CMCY10227 | MAR04 | JMCY1090 | HONDA | 87 | MS | JH2RF030IHS204391 |
| CMCY10228 | MAR04 | JMCY6922 | APRILLA | 03 | MS | 2D4SCC0173S000360 |
| CMCY10229 | MAR04 | JMCY6922 | VESPA | 83 | MC | VNN2H13359 |
| CMCY10230 | MAR04 | JMCY56934 | HONDA | 79 | MC | MC502121042 |
| CMCY10231 | MAR05 | CMCY10231 | BUCH | 77 | MB | 87163939 |
| CMCY10232 | MAR05 | CMCY10232 | HONDA | 86 | MS | JH2HF030SGS121237 |
| CMCY10233 | MAR05 | CMCY10233 | SUZUKI | 85 | MS | JH2HF0307FS003687 |
| CMCY10234 | MAR05 | CMCY10234 | SUZUKI | 83 | MC | JS1FZ11A1D0139050 |
| CMCY10235 | MAR05 | CMCY10235 | SUZUKI | 83 | MC | JS1FZ11A8D3125713 |
| CMCY10236 | MAR05 | CMCY10236 | HONDA | 01 | MS | 3H1HF930X1D607028 |
| CMCY10237 | MAR05 | CMCY10237 | YAMAHA | 79 | MS | JYA3A17AXA00635 |
| CMCY10238 | MAR05 | CMCY10238 | HONDA | 79 | MS | 3300604 |
| CMCY10239 | MAR05 | CMCY10239 | YAMAHA | 00 | MB | VG54UXA00YA111124 |
| CMCY10240 | MAR05 | CMCY10240 | YAMAHA | 88 | MS | JYA3EPA62A026891 |
| CMCY10241 | MAR05 | CMCY10241 | HONDA | 87 | MS | JH2RF0105HH208419 |

CODE DEFINITIONS-   N=REVOKED PLATE   D=DESTROYED PLATE   P=CHANGE PENDING   L=LEASED VEHICLE   S=SHORT-TERM RENTAL   T=TRANSFER

Page   Single   NUM

Exhibit C - 1 of 2

InfoLife - [Fiscal 04-05 Name, Address, D.I/ -]

Application   Edit   Options   Access   Annotation   Usage   Window   Help

FISC TRUCKS 04-05 FISCAL        ISSUED OCT 04        FICHE 001

*NAME, ADDRESS, AND ZIP CODE (* DENOTES MULTIPLE OWNER)        D.I.#

REDACTED

| PLATE # | EXPIR | REF # | VEHICLE | YR | BS | V.I.N. |
|---|---|---|---|---|---|---|
| 350928B | JUN05 | 350928B | FORD | 95 | BS | 1FTEF17N9SLA32591* |
| 350928B | JUN05 | 350928B | FORD | 95 | BK | 1FTEX17W21NA24985* |
| 350999B | JUN05 | 350999B | CHEVROLET | 02 | TK | 1GCCT19W82B117167* |
| 351011B | JUN05 | 351011B | DODGE | 97 | PK | 1B7GL23X1VW182202 |
| 351061B | JUN05 | 351061B | GMC | 95 | PK | 1GTEC14Z8S525524 1* |
| 351061B | JUN05 | 351061B | FORD | 80 | PK | F15PFG4S9L10 |
| 351117B | JUN05 | 351117B | CHEVROLET | 93 | PK | 1GCCS14Z3P8196937* |
| 351117B | JUN05 | 351117B | FORD | 93 | PK | 1FTCR11X7PPA58614* |
| 351118B | JUN05 | 351118B | GMC | 96 | PK | 1GTEK14R8SZ527526 |
| 351120B | JUN05 | 351120B | FORD | 01 | PK | 1FTRW08L91KE12072 |
| 351135B | JUN05 | 351135B | FORD | 02 | 4W | 1FM2U73K92C25211 |
| 351336B | JUN05 | 351336B | FORD | 89 | PK | 1FTCR11X6KUA98562* |
| 351147B | JUN05 | 351147B | FORD | 04 | PK | 1FTPE14N4NHA12302* |
| 351147B | JUN05 | 351147B | CHEVROLET | 96 | PK | 1GCHK24U6E256402* |
| 351133B | JUN05 | 351133B | CHEVROLET | 89 | PK | 2GCEC19R07119861 |
| 351154B | JUN05 | 351154B | FORD | 92 | PK | 1FTEF14Y6NRA75536* |
| 351167B | JUN05 | 351167B | FORD | 89 | PK | 1GCDC14Z6KZ821111* |
| 351171B | JUN05 | 351171B | CHEVROLET | 99 | PK | 1GCHK34JXXE111844 |
| 351193B | JUN05 | 351193B | DODGE | 98 | PK | 1B7HZ6X2WS113838* |
| 351193B | JUN05 | 351193B | CHEVROLET | 97 | PK | 1GCEC14W8V2166393* |
| 351201B | JUN05 | 351201B | DODGE | 98 | PK | 1GCDK14F7XE151427 |
| 351209B | JUN05 | 351209B | CHEVROLET | 04 | PK | 1GCHK29U91E201794 |
| 351221B | JUN05 | 351221B | CHEVROLET | 01 | VN | 1GCCS1923N8222433 |
| 351223B | JUN05 | 351223B | CHEVROLET | 81 | TK | 1GCGK24R6W218672* |
| 351239B | JUN05 | 351239B | CHEVROLET | 82 | PK | 1GCHG39N8111155358 |
| 351249B | JUN05 | 351249B | CHEVROLET | 94 | PK | 1GCGW80R0B0A462B7 |
| 351265B | JUN05 | 351265B | CHEVROLET | 95 | PK | 1GCDC14D5CJ113184 |
| 352799B | JUN05 | 352799B | FORD | 98 | PK | 1BTHC1626R8591667* |
| 352823B | JUN05 | 352823B | DODGE | 94 | PK | 1BTKF2C5R8629887* |
| 352824B | JUN05 | 352824B | CHEVROLET | 96 | PK | 1GCEC14R9TE113085* |
| 352889B | JUN05 | 352889B | CHEVROLET | 90 | PK | 1GCDM19W2NB109311 |
| 352888B | JUN05 | 352888B | FORD | 03 | 4W | 1FMWW38T73B847415 |
| 352893B | JUN05 | 352893B | FORD | 03 | PK | 2FTDX1725VCA757694* |
| 352994B | JUN05 | 352994B | FORD | 90 | PK | 1FTCR14X51PB64078* |
| 352998B | JUN05 | 352998B | CHEVROLET | 63 | PK | 1GCCC24R0KEZ672771* |
| 353003B | JUN05 | 353003B | FORD | 82 | TK | 1FTCF10J3CJA68050* |
| 353112B | JUN05 | 353112B | CHEVROLET | 04 | PK | 1GCGK19X7T2262801* |
| 353112B | JUN05 | 353112B | CHEVROLET | 92 | PK | 1GCEK14F4YE208732* |
| 353113B | JUN05 | 353113B | DODGE | 94 | PK | 1BTKF2C5R8629887* |
| 353354B | JUN05 | 353354B | FORD | 01 | PK | 1FT2X1T201NA79142 |
| 353361B | JUN05 | 353361B | GMC | 03 | 4W | 1GKFK16253J103272 |
| 353362B | JUN05 | 353362B | FORD | 93 | PK | 1FTCR1LX2PPB95628* |
| 353376B | JUN05 | 353376B | FORD | 04 | PK | 1FMEU63E66UA47167* |
| 353376B | JUN05 | 353376B | FORD | 01 | TK | 1FTRX18L5XKB02321* |
| 353379B | JUN05 | 353379B | FORD | 98 | PK | 1FTYX14U0WNA37426 |
| 353889B | JUN05 | 353889B | FORD | 96 | PK | 1FT2X172X1NB75215* |
| 353895B | JUN05 | 353895B | FORD | 03 | PK | 1FTYR14U74PB27327* |
| 353932B | JUN05 | 353932B | FORD | 94 | LL | 2FTRX18L1XCB05531* |
| 354013B | JUN05 | 354013B | FORD | 88 | VN | 1GNDM19Z4MB102609* |
| 354013B | JUN05 | 354013B | FORD | 94 | TK | 1GCEC14K2R8111910 |
| 354050B | JUN05 | 354050B | CHEVROLET | 91 | PK | 3FTKF266SYM201261* |
| 354118B | JUN05 | 354118B | DODGE | 86 | PK | 2GCDC14N7G1154493* |
| 354203B | JUN05 | 354203B | CHEVROLET | 00 | PK | 1GTEC14W9YE171674* |
| 354311B | JUN05 | 354311B | GMC | 80 | PK | 2GCFC23K3J123405? |
| 354312B | JUN05 | 354312B | CHEVROLET | 80 | PK | 1FTYX172Y7NA41267 |
| 354322B | JUN05 | 354322B | FORD | 79 | PK | F14HUEA0389 |
| 354359B | JUN05 | 354359B | TOYOTA | 03 | LL | 5TBVL52N532170832 |



About this program version

For initial start-up, your CD Rom drive must be determined. Where password is requested on the next page. It is not required. Click on "OK".

infoLife CD Version 3.62

☐ Don't show this message once more

OK

Press F1 for Help



Exhibit D : 2 of 4



Exhibit D : 3 of 4





Exhibit E : 1 of 8



**About this program version**

For initial start-up, your CD Rom drive must be determined. Where password is requested on the next page, it is not required. Click on "OK".

InfoLife CD Version 3.62

☐ Don't show this message once more

OK

Press F1 for Help        NUM





Exhibit E : 2 of 8



Exhibit F: 3 of 8





**About this program version**

For initial start-up, your CD Rom drive must be determined. Where password is requested on the next page, it is not required. Click on "OK".

InfoLife CD Version 3.62

☐ Don't show this message once more

OK

Press F1 for Help          NUM

Exhibit F.: 5 of 8



Exhibit F : 6 of 8



Exhibit F - 7 of 8





**Information about InfoLife**

InfoLife
Version 3.82a

DatagraphiX
A business unit of Anacomp Inc.
12365 Crosthwaite Circle
Poway CA 92064

© 1994 - 2000 W. Kohlhammer Computcomunication GmbH Köln

Design: R. U. Schleibusch
Software Development: H. Knauf

OK

Exhibit F : 1 of 2

Press F1 for Help



Information about InfoLifa

InfoLifa
Version 3.62a

DatagraphiX
A business unit of Anacomp Inc.
12365 Crosthwaite Circle
Poway CA 92064

© 1994 - 2000 W. Kohlhammer Compunication GmbH Köln
Design: R. U. Schlierbusch
Software Development: H. Knauf

OK

Press F1 for Help                          NUM



Infolife - [Passenger 04-05 Name, Address, DL# ]

Application  Edit  Options  Access  Annotation  Image  Window  Help

38432   04-05  PASSENGER   ISSUED  OCT 04   CDROM 001

| PLATE # | EXPIR | REF # | VEHICLE | YR | BS | V.I.N. | NAME, ADDRESS, AND ZIP CODE (* DENOTES MULTIPLE OWNER) | D.L. # |
|---|---|---|---|---|---|---|---|---|
| 4479394 | DEC04 | 4473394 | GMC | 03 | BS | 1GKEK13T5LJ19437* | REDACTED | |
| 4479395 | DEC04 | 4479395 | GMC | 03 | 4W | 1GKEL13X3J109889 | | |
| 4479396 | DEC04 | 4479396 | FORD | 95 | SW | 1FASFL57B8W224943 | *BARKER TIMOTHY R, 572 W MAIN CARY 60013-2017................ | |
| 4479397 | DEC04 | 4479397 | FORD | 87 | 4W | 1JCMT7846HT020035 | | |
| 4479398 | DEC04 | 4479398 | CHEVROLET | 90 | 4D | 1G1BL5373LA121763 | | |
| 4479399 | DEC04 | 4479399 | JEEP | 03 | 4W | 1J4GW48N93C534924* | | |
| 4479400 | DEC04 | 4479400 | JEEP | 03 | 4W | 1J4GW48N93C534924* | | |
| 4479401 | DEC04 | 4479401 | DODGE | 03 | VN | 1D4GP25B73B110804* | | |
| 4479403 | DEC04 | 4479403 | CHEVROLET | 03 | CP | 1G1JF12F83722966 | | |
| 4479405 | DEC04 | 4479405 | DODGE | 03 | VN | 1D4GP25353B166860 | | |
| 4479406 | DEC04 | 4479406 | DODGE | 03 | VN | 1D4GP25353B166860 | | |
| 4479407 | DEC04 | 4479407 | DODGE | 03 | 4D | 1B3ES56C52D286830* | | |
| 4479408 | DEC04 | 4479408 | DODGE | 03 | 4D | 1D4GP25B35B300198 | | |
| 4479411 | DEC04 | 4479411 | SUBARU | 98 | SW | 4S3BG6859W7606520 | | |
| 4479412 | DEC04 | 4479412 | VOLKSWAGE | 97 | 4D | 3VWDB81H8XM118062* | | |
| 4479413 | DEC04 | 4479413 | CHEVROLET | 65 | CP | 334555Z125046 | | |
| 4479414 | DEC04 | 4479414 | FORD | 93 | SD | 2G1WL12J581114873 | | |
| 4479415 | DEC04 | 4479415 | PLYMOUTH | 87 | 4D | 1P3BE43K9HF315704 | | |
| 4479417 | DEC04 | 4479417 | FORD | 93 | UT | 1FMDU34X5PED03462 | | |
| 4479418 | DEC04 | 4479418 | OLDSMOBIL | 84 | 4D | 1G3AJ19R2ED414017 | | |
| 4479422 | OCT04 | 4479422 | HONDA | 98 | CP | 1HGEJ8148WL074777* | | |
| 4479423 | OCT04 | 4479423 | DODGE | 02 | 4D | 1B3EL36X72N202277* | | |
| 4479424 | AUG04 | 4479424 | DODGE | 02 | 4D | 1B3ES26C22D266746* | | |
| 4479425 | JUL04 | 4479425 | DODGE | 02 | 5L | 1J4GZ58N72N202617 | | |
| 4479426 | FEB05 | 4479426 | MITSUBISH | 2H | 4D | 4A3AC44G9YE111495* | | |
| 4479427 | MAR05 | 4479427 | DODGE | 96 | VN | 1B4GP54L44TB422726 | | |
| 4479428 | DEC04 | 4479428 | OLDSMOBIL | 02 | 4D | 1G3NL52E21C282533 | | |
| 4479429 | DEC04 | 4479429 | MERCURY | 96 | 4D | 2MEHM74W0TX625555 | | |
| 4479430 | DEC04 | 4479430 | TOYOTA | 00 | VN | 4T3ZF13C9YU179090 | | |
| 4479431 | DEC04 | 4479431 | BUICK | 03 | UT | 3G5DB03E13S541305 | | |
| 4479432 | DEC04 | 4479432 | TOYOTA | 00 | VN | 4T3ZF13C9YU179090 | | |
| 4479433 | DEC04 | 4479433 | CHRYSLER | 03 | 4D | 2C3HE66G53H803389 | | |
| 4479435 | JAN05 | 4479435 | ACURA | 96 | 2P | 4C3AU42H3N385104 | | |
| 4479436 | DEC04 | 4479436 | VOLKSWAGE | 95 | 4D | JH4KA7651SC006043 | | |
| 4479437 | DEC04 | 4479437 | HYUNDAI | 02 | 4D | 3VWSB69M02M122110* | | |
| 4479439 | DEC04 | 4479439 | HYUNDAI | 02 | 4D | KMHDN45D82U305700 | | |
| 4479441 | DEC04 | 4479441 | HYUNDAI | 02 | 4D | KMHDN45D63U530780 | | |
| 4479442 | DEC04 | 4479442 | VOLKSWAGE | 99 | 4D | 3VWSB69M9XM083199 | | |
| 4479443 | DEC04 | 4479443 | CHRYSLER | 99 | 4D | 2C3HE66G4XH803389 | | |
| 4479445 | DEC04 | 4479445 | VOLKSWAGE | 03 | 4D | 3VWSB69M03M000899 | | |
| 4479446 | DEC04 | 4479446 | VOLKSWAGE | 03 | 4D | 9BWGB61J534074099 | | |
| 4479447 | DEC04 | 4479447 | VOLKSWAGE | 2H | 4D | 9BWDB61J134024789* | | |
| 4479448 | DEC04 | 4479448 | VOLKSWAGE | 03 | 4D | WVWPD63B1JP191135 | | |
| 4479449 | DEC04 | 4479449 | LEXUS | 03 | UT | JTJHF10U320297252 | | |
| 4479450 | DEC04 | 4479450 | PONTIAC | 03 | LL | 1GMDX03E3D142801 | | |
| 4479451 | SEP05 | 4479451 | TOYOTA | 03 | 4D | 4T1BE32K03U629197 | | |
| 4479452 | OCT04 | 4479452 | TOYOTA | 97 | 1D | 1NXBR32E0VZ071216* | | |
| 4479453 | DEC04 | 4479453 | TOYOTA | 03 | LL | JT3HN87R1V0071439 | | |
| 4479454 | DEC04 | 4479454 | TOYOTA | 00 | VN | JTEGH20V530090227 | | |
| 4479455 | DEC04 | 4479455 | TOYOTA | 03 | LL | JTEHF21A030111452 | | |
| 4479456 | DEC04 | 4479456 | CHRYSLER | 03 | VN | 2C4GP24R23R338832* | | |
| 4479457 | DEC04 | 4479457 | HONDA | 01 | 4D | 1HGER2675110553276* | | |
| 4479458 | DEC04 | 4479458 | TOYOTA | 03 | LL | JTEBT14J910113560 | | |
| 4479460 | DEC04 | 4479460 | BMW | 99 | VN | WBABF833 YJEH63609 | | |
| 4479461 | DEC04 | 4479461 | TOYOTA | 03 | VN | 4T3ZF13C13U552293* | | |
| 4479462 | DEC04 | 4479462 | TOYOTA | 03 | 4H | 2T1KB32E3C562774 | | |
| 4479463 | DEC04 | 4479463 | MAZDA | 99 | 4D | 1YVGF22C2X5839297 | | |

CODE DEFINITIONS-   R=REVOKED PLATE   D=DESTROYED PLATE   P=CHANGE PENDING   L=LEASED VEHICLE   S=SHORT-TERM RENTAL   T=TRANSFER

Press F1 for Help

Plate Number: Single   NUM

InfoLite - [Passenger 04-05 Name, Address, DL# ]
Application  Edit  Options  Access  Annotation  Image  Window  Help

**PASSENGER     04-05  PASSENGER     ISSUED  OCT 04     CDROM 001**

*NAME, ADDRESS, AND ZIP CODE (* DENOTES MULTIPLE OWNER)     D.I.#

*BARKER TIMOTHY R, 572 W MAIN CARY 60013-2017.............

(The NAME/ADDRESS columns are obscured by a large diagonal "REDACTED" watermark stamped twice across the page.)

| PLATE# | EXPIR | REF # | VEHICLE | YR | BS | V.I.N. |
|---|---|---|---|---|---|---|
| D566677 | MAY05 | D566673 | CHEVROLET | 95 | BS | 2G1WN12K8T9307533 |
| D566683 | MAY05 | D566677 | CHEVROLET | 97 | CV | 1G1JB3114T7143822* |
| D566686 | MAY05 | D566683 | CHEVROLET | 98 | 4T | 1B3S47CW9T10B925* |
| D566687 | MAY05 | D566687 | CHEVROLET | 98 | VN | 1G8PG15R5W103035I |
| D566695 | MAY05 | D566695 | FORD | 98 | LL | 1GND11W2W202246G |
| D566697 | MAY05 | D566697 | CHEVROLET | 94 | 4H | 1FMDU31X1R8035377* |
| D566706 | MAY05 | D566706 | CHEVROLET | 95 | 4D | 2G1WK52T8R7033835 |
| D566716 | JUN05 | D566716 | NISSAN | 94 | 4D | 1NWB410T8C7131930 |
| D566718 | MAY04 | D566718 | CHEVROLET | 98 | 4D | 2G1WN54T9R9155106 |
| D566720 | JUN05 | D566720 | FORD | 97 | 4D | 1FAFP53S4WG116208* |
| D566721 | JUN05 | D566721 | TOYOTA | 93 | 4D | 4T1BG22K4VU126968* |
| D566741 | MAY05 | D566741 | HYUNDAI | 00 | 4D | JNKDM4153U477737 |
| D566744 | APR05 | D566744 | BUICK | 09 | UT | 1G4CW52K0RU059731 |
| D566746 | MAY05 | D566746 | DODGE | 03 | UT | 1B3EJ46X4YN2B0961 |
| D566749 | MAY05 | D566749 | DODGE | 02 | UT | 1TGHF21A1302I4556 |
| D566765 | MAY05 | D566765 | TOYOTA | 03 | UT | 4A3AJ46G3R805583A |
| D566780 | MAR05 | D566780 | MITSUBISHI | 02 | 4D | 5G2C333D23B15276 |
| D566790 | APR05 | D566790 | SATURN | 03 | CP | 1N4HS8MXZJFZ0027T0 |
| D566795 | MAY05 | D566795 | DODGE | 95 | UT | 5AD3L1C5D00670611 |
| D566807 | MAY05 | D566807 | DODGE | 90 | CP | 1G2N62SK1T7A1389* |
| D566812 | MAY05 | D566812 | PONTIAC | 91 | VN | 1G8BG2SK1J714114 |
| D566813 | MAY05 | D566813 | FORD | 93 | 4D | 2FMDA514J5LB1332 |
| D566815 | MAY05 | D566815 | WILLYS | 92 | 4D | 2H6RL1139R5339114 |
| D566831 | MAY05 | D566831 | FORD | 03 | 4D | 2MEC74W9NG391917 |
| D566838 | MAY05 | D566838 | CHEVROLET | 94 | 4D | JTEGD21A0300073214 |
| D566839 | MAY05 | D566839 | CHEVROLET | 90 | 4D | 1HGCD5652RA090042 |
| D566841 | MAY05 | D566841 | HONDA | 98 | 2D | 2G1WB52K9W9124961 |
| D566849 | MAY05 | D566849 | MITSUBISHI | 01 | 4D | 1HGCG5655XA225720 |
| D566861 | MAY05 | D566861 | MG | 61 | PC | 4A3AA46G41E191016 |
| D566873 | MAY05 | D566873 | DODGE | 93 | 4D | GHNJ140758 |
| D566875 | MAY05 | D566875 | FORD | 99 | 4D | 2B3BD56P4PH646362* |
| D566897 | MAY05 | D566897 | DODGE | 00 | WA | 1PAFP52UBXG233084 |
| D566910 | MAY05 | D566910 | NISSAN | 88 | 4D | 2B4GD2313XFR604194 |
| D566920 | APR05 | D566920 | BUICK | 93 | 2D | 1HBA11D5CPC165615 |
| D566922 | MAY05 | D566922 | TOYOTA | 89 | 4D | 1G4HP54CB3H461994* |
| D566940 | MAY05 | D566940 | OLDSMOBIL | 03 | 4D | JT2BI4699R021073 |
| D566958 | MAY04 | D566958 | DODGE | 94 | VN | 2B6HB21Y1KCJ10786 |
| D566959 | MAY05 | D566959 | CHEVROLET | 97 | 4D | 1GNDM19W1V811797S |
| D566964 | MAY05 | D566964 | OLDSMOBIL | 99 | 4D | 1G4HR54K2X4237725* |
| D566984 | MAY05 | D566984 | CADILLAC | 02 | 4D | 1G6CD53BNM2034460* |
| D566985 | MAY05 | D566985 | JEEP | 01 | 4W | 1J4GW48S7ZC166036* |
| D566991 | MAY05 | D566991 | FORD | 02 | 4D | 3FAFP13P71R129915 |
| D567000 | MAY05 | D567000 | DODGE | 96 | 2D | 1B4GFS4168B212540 |
| D567007 | MAY05 | D567007 | MERCURY | 94 | VN | 1MEDM50U0BG625921 |
| D567010 | MAY05 | D567010 | TOYOTA | 95 | 4D | 5TDZA23C24S167180* |
| D567013 | MAY05 | D567013 | TOYOTA | 94 | VN | 4T1BK32BEKRUL0350 |
| D567017 | MAY05 | D567017 | NISSAN | 99 | 2D | 2N1PB22E5HU018275 |
| D567021 | MAY05 | D567021 | CHEVROLET | 87 | 2D | 1G4675J166394 |
| D567026 | MAY05 | D567026 | CHEVROLET | 65 | PC | 164675J166394 |
| D567028 | MAY05 | D567028 | MERCEDES- | 85 | 4D | WDBAB93C1FA225079* |
| D567031 | MAY04 | D567031 | FORD | 96 | UT | 1FMDU32X3TZA320020 |
| D567032 | MAY05 | D567032 | SUBARU | 99 | UT | 43SBH6350T7284241 |
| D567033 | APR05 | D567033 | OLDSMOBIL | 95 | 4D | 1G3NF52E1237331G1 |
| D567034 | MAY05 | D567034 | OLDSMOBIL | 03 | 4D | 1GJAX55M3S63B2809 |
| D567065 | MAY05 | D567065 | BUICK | 92 | 4D | 1G4AG54R7N6162447* |
| D567068 | MAY05 | D567068 | FORD | 95 | VN | 2FMDA5148XBA016114* |

**CODE DEFINITIONS-  R=REVOKED PLATE   D=DESTROYED PLATE   P=CHANGE PENDING   L=LEASED VEHICLE   T=TRANSFER   S=SHORT-TERM RENTAL**

Exhibit G : 2 of 3

InfoLite - [Passenger 04-05 Name, Address, D.L.# ]

Application   Edit   Options   Access   Annotation   Image   Window   Help

PASSENGER        04-05 PASSENGER        *NAME, ADDRESS, AND ZIP CODE (* DENOTES MULTIPLE OWNER)        D.L.#

ISSUED  OCT 04        CDROM 001

MERRYMAN MELISA R, 2417 TIMBERLINE TRAIL WOODSTOCK 60098. M65555 668960

# REDACTED

| PLATE # | EXPIR | REF # | VEHICLE | YR | BS | V.I.N. |
|---|---|---|---|---|---|---|
| MRYMAC2 | EXPIR | REF # | VEHICLE | YR | BS | V.I.N. |
| MRYMAC3 | MAY05 | MRYMAC3 | PONTIAC | 03 | 4D | |
| MRYMAC4 | MAR05 | MRYMAC4 | FORD | 03 | 4H | |
| MRYMAC5 | OCT04 | MRYMAC5 | CHRYSLER | 99 | 4D | |
| MRYMAC6 | FEB05 | MRYMAC6 | PLYMOUTH | 00 | 4W | |
| MRYMAK1 | OCT05 | MRYMAK1 | PONTIAC | 01 | 4D | |
| MRYMAN | MAY05 | MRYMAN | MERCEDES- | 02 | RD | |
| MRYMAR6 | OCT05 | MRYMAR6 | BMW | 02 | RC | |
| MRYMA08 | MAR05 | MRYMA08 | VOLKSWAGE | 01 | 2H | |
| MRYMDB2 | MAY05 | MRYMDB2 | CHEVROLET | 99 | VN | |
| MRYMOE1 | MAR05 | MRYMOE1 | PONTIAC | 99 | 2D | |
| MRYMOR2 | APR05 | MRYMOR2 | FORD | 97 | UT | |
| MRYMRK1 | JAN05 | MRYMRK1 | MERCURY | 97 | 4D | |
| MRYMRK4 | JUL05 | MRYMRK4 | OLDSMOBIL | 00 | 4D | |
| MRYMY09 | JUL05 | MRYMY09 | OLDSMOBIL | 95 | 4N | |
| MRYPI24 | JUL05 | MRYPI24 | BUICK | 95 | 4D | |
| MRYPOP7 | SEP05 | MRYPOP7 | CHRYSLER | 02 | VN | |
| MRYRO51 | MAY05 | MRYRO51 | OLDSMOBIL | 92 | 4D | |
| MRYRTR1 | SEP05 | MRYRTR1 | FORD | 00 | 4D | |
| MRYRTM2 | JUL05 | MRYRTM2 | CHEVROLET | 03 | VN | |
| MRYSPP1 | JUL05 | MRYSPP1 | CHRYSLER | 02 | 2D | |
| MRYSBA1 | FEB05 | MRYSBA1 | MERCURY | 92 | 4D | |
| MRYSUE1 | FEB05 | MRYSUE1 | OLDSMOBIL | 95 | 4D | |
| MRYSUE2 | JUN05 | MRYSUE2 | OLDSMOBIL | 96 | 4D | |
| MRYSR2 | JUN05 | MRYSR2 | MERCURY | 91 | CV | |
| MRYTN4 | NOV04 | MRYTN4 | DODGE | 96 | VN | |
| MRYTR2 | APR05 | MRYTR2 | OLDSMOBIL | 95 | 4D | |
| MRYVS1 | SEP05 | MRYVS1 | CADILLAC | 02 | 4D | |
| MRYME1 | DEC04 | MRYME1 | CHEVROLET | 04 | CP | |
| MRYZKR1 | AUG05 | MRYZKR1 | MERCURY | 98 | 4D | |
| MRZBA1 | MAY05 | MRZBA1 | MERCURY | 99 | 4D | |
| MRZBR2 | APR05 | MRZBR2 | CHEVROLET | 01 | 4D | |
| MRZBUG | MAY05 | MRZBUG | VOLKSWAGE | 98 | 2H | |
| MRZCA1 | FEB05 | MRZCA1 | HYUNDAI | 02 | 4H | |
| MRZDON3 | NOV04 | MRZDON3 | TOYOTA | 96 | 4D | |
| MRZEKE | AUG05 | MRZEKE | BMW | 01 | 4D | |
| MRZERO | SEP05 | MRZERO | PONTIAC | 98 | 4D | |
| MRZEU1 | JUN05 | MRZEU1 | AUDI | 92 | 4D | |
| MRZHD2 | JUN05 | MRZHD2 | HONDA | 98 | 4D | |
| MRZHTL1 | SEP04 | MRZHTL1 | GMC | 00 | 4W | |
| MRZHTL2 | MAY05 | MRZHTL2 | CHEVROLET | 95 | UT | |
| MRZHW25 | MAR05 | MRZHW25 | HYUNDAI | 01 | 4D | |
| | DEC04 | | FORD | 92 | 4D | |
| MRZ0W4 | OCT04 | MRZ0W4 | CHEVROLET | 03 | 4D | |
| | OCT04 | | HYUNDAI | 98 | 4W | |
| MRZ42K1 | MAY05 | MRZ42K1 | FORD | 99 | LL | |
| MRZN2K | APR05 | MRZN2K | CHEVROLET | 03 | UT | |
| MRZN2K | MAR05 | MRZN2K | LINCOLN | 91 | UT | |
| MRZOOM | NOV05 | MRZOOM | TOYOTA | 91 | 4D | |
| MRZUB12 | NOV05 | MRZUB12 | HONDA | 03 | 4D | |
| MRZXAR1 | JUL05 | MRZXAR1 | GMC | 01 | LG | |
| MRZUG61 | MAR05 | MRZUG61 | CHEVROLET | 92 | VN | |
| MSABA8 | MAR05 | MSABA8 | PONTIAC | 96 | CP | |
| MSABOL | DEC04 | MSABOL | LINCOLN | 01 | 4D | |
| MSABBY2 | AUG04 | MSABBY2 | PONTIAC | 98 | 4D | |
| MSABLE2 | AUG05 | MSABLE2 | LEXUS | 89 | 4D | |
| MSAZH2 | FEB05 | MSAZH2 | FORD | 01 | UT | |
| MSAZH3 | FEB05 | MSAZH3 | FORD | 97 | UT | |
| MSACCO1 | DEC04 | MSACCO1 | OLDSMOBIL | 00 | 4D | |
| MSACOP2 | SEP05 | MSACOP2 | PONTIAC | 02 | 4W | |
| | JUL05 | | GMC | | | |

CODE DEFINITIONS-    R=REVOKED PLATE    D=DESTROYED PLATE    P=CHANGE PENDING    L=LEASED VEHICLE    S=SHORT-TERM RENTAL    T=TRANSFER

Plate Number Single







Dear Mr. Strocher:

Local 150 requests to purchase the most current Illinois Rule of Organization, used to locate listings by plate number. Enclosed is the completed application and appropriate fee.

Please mail the set to:

    Jim Miller, Assistant to the President
    IUOE Local 150
    6200 Joliet Road
    Countryside, IL 60525

If you need to contact me my phone number is 708/482-8800. Thank you for your help with this matter.

          Sincerely,

          James F. Miller
          Assistant to the President

JJM/ls

enclosure

sent via US certified mail # 7003 0500 0002 3147 9676



AGREEMENT FOR PURCHASE BY
THE INTERNATIONAL UNION OF OPERATING ENGINEERS, LOCAL 150

OFFICE OF SECRETARY OF STATE
OF COMPUTERIZED INFORMATION

This Agreement made this _____ day of _____ 20__, between Jesse White, Secretary of State, and _____, hereinafter known as the Purchaser.

Purchaser applies to buy from the Secretary and the Secretary agrees to sell to the Purchaser information from the Secretary's computerized data in format(s) consisting of:

complete registration of motor vehicles in number sequence

Purchaser agrees to abide by applicable statutory laws in effect and currently prescribed by 625 ILCS 5/2-123 of the Illinois Vehicle Code entitled "Sale and Distribution of Information" and 92 Ill. Adm. Code 1002, as well as actual cost of production. When the Secretary has completed the requested work, payable to the Secretary before delivery of the information to the Purchaser. Payment shall be in cash, certified check, or money order or company check.

4.   The information shall be purchased and the Purchaser on the computer-compatible media as prescribed by the Secretary and furnished by the Purchaser to the Secretary for transference from the Secretary's computer files. Purchaser shall pay postage and handling costs for the transfer of the media to and from the Secretary.

5.   The Purchaser, pursuant to Section 2-123(c-1) of the Illinois Vehicle Code [625 ILCS 5/2-123(c-1)] shall disclose the intended use of the information purchased and the Purchaser agrees that it shall, prior to using, reselling, furnishing, or otherwise making available driver's vehicle or title lists or to using these lists for updating purposes or to verify any information, remove from the list purchased all names and addresses and other personally identifiable information of all persons who request pursuant to Section 2-123 (e-1) of the Illinois Vehicle Code that their personally identifiable information not be used for commercial solicitation purposes [625 ILCS 5/2-123(e-1)].

to check "none" or "businesses only"

6.   Requests to the Secretary from individuals or their own requesting that specified names not be used will be honored by the Secretary and will not be included in the listing provided.

7.   It is further agreed that the information, lists, names, and other material provided by the Office of the Secretary of State, hereunder, shall not be made available to other persons, firms, corporations, partnerships, or other legal entities. The Purchaser further assures that it shall not engage in any method, act, or practice which is unfair or deceptive in the use of this list or in violation of the published rules of the Office of the Secretary (92 Ill. Adm. Code 1002).

8.   Should the information contained herein be exchanged with or sold to another person, firm, or corporation for other information or lists, such shall constitute a material breach of this Agreement and all information previously received by the Purchaser shall be returned to the Office of the Secretary. No money paid to the Secretary shall be refunded. A material breach of the Agreement by the Purchaser shall result in no further information being sold to the Purchaser by the Secretary for a term of 5 years from the date of the breach (92 Ill. Adm. Code 1002.60).

9. In no case shall any record or information purchase price be given by the Secretary of State's Office, once the Secretary of State's Office has completed the work contracted for by contractor and presented this information to the contractor.

10. Purchaser agrees that any information received pursuant to this agreement will not be used to establish a competing service to that of the Secretary of State's Office as identified in Section 2-123 of the Illinois Vehicle Code (625 ILCS 5/2-123) which is more specifically described as the sale of registration and title or driver's license information to any member of the public who pays the statutory fees for obtaining that information. This provision shall not be waived. Purchaser may use the information furnished to update data, compute aggregate statistical data, and other purposes which are descriptive of its commercial solicitation or which are not in violation of, or in direct competition with the Office of the Secretary of State's sale of information procedures.

11. In witness whereof, the parties hereto have caused this instrument to be executed by these duly authorized officers.

_____James J. Miller_____ I hereby attest and duly verify under penalty of
(purchaser of his representative)

perjury, that the information contained in this Agreement is true and correct to the best of

my knowledge.

June 4, 2003          _____
Date                    (Signature of purchaser or Representative)

For the Secretary:

_____      By: _____
Date                    (Signature)

Company Name: INTERNATIONAL UNION OF OPERATING ENGINEERS, LOCAL 150

Company Address: 6200 JOLIET ROAD, COUNTRYSIDE, IL 60525

Telephone Number: 708-354-5600