UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | | |
|---|---|---|
| Tammy Barker, *et al* | ) | |
| | ) | |
| Plaintiffs, | ) | CASE NO. 08 cv 50015 |
| v. | ) | |
| | ) | Judge Frederick Kapala |
| Local 150, International Union | ) | |
| Of Operating Engineers, AFL-CIO | ) | Magistrate Judge P. Michael MaHoney |
| | ) | |
| Defendant. | ) | |

Plaintiffs' Motion to Compel Deposition of Charles August
and for a Rule to Show Cause and for Attorney Fees

Tammy Barker, Timothy Barker and Melisa Merryman, Plaintiffs, move to compel Charles August to obey a subpoena for deposition issued and served pursuant to Rule 45 of the Federal Rules of Civil Procedure. In addition, Tammy Barker, Timothy Barker and Melisa Merryman, Plaintiffs, move pursuant to Rule 45(e) of the Federal Rules of Civil Procedure for a hearing on a rule to show cause as to why Charles August should not be held in contempt of court for refusing to obey a subpoena. Further, Tammy Barker, Timothy Barker and Melisa Merryman, Plaintiffs move to compel Charles August to appear for a deposition to be taken of him in this matter. Finally, Plaintiffs ask this court for an order directing Charles August and his counsel to pay Plaintiffs attorney fees in bringing this motion forward. In support of their Motion, the Plaintiffs state as follows:

1.      On November 26, 2008, Plaintiffs served a subpoena upon Charles August commanding Mr. August to appear for deposition on December 12, 2008 at 1:30 p.m. accompanying the subpoena was a check in the amount of $96.00, representing the witness fee and mileage (copies of the subpoena and check attached hereto as Exhibit A). Mr. August is an employee of

Defendant Local 150 and was identified by a witness (Linda Soria) as a person whom she provided personal information from motor vehicle records, a material fact at issue in this case. (See Affidavit of Linda Soria attached as Exhibit B).

2. The subpoena and check were personally served on Mr. August by Daniel Kinnerk (a licensed private detective, non-party and over the age of 18) at Mr. Charles August's home in Wauconda, Illinois. Mr. Kinnerk delivered to Mr. August a subpoena and a check (See certification of Daniel Kinnerk attached as Exhibit A). After serving the subpoena, Mr. Kinnerk executed the "Proof of Service" and "Declaration of Server" on the back of the Rule 45 subpoena (*see* Exhibit A).

3. On December 4, 2008, a week after the subpoena was served, Mr. August's attorney, R. Mark Gummerson, dispatched a letter dated December 3, 2008, but faxed on December 4, 2008 to Plaintiff's counsel in which Mr. August's attorney refused to produce Mr. August for the December 12, 2008 deposition. (See Exhibit C) Wherein he stated: "Please be advised that I am not available on December 12, 2008 for my client's deposition and his deposition will not be taking place at that time, nor will it be taken down in Chicago." The position taken by Attorney Gummerson does not provide a legal basis to refuse to appear at a deposition and is inconsistent with Rule 45.

4. On the morning of December 8, 2008, Robert T. Hanlon, counsel for Plaintiffs, called Attorney R. Mark Gummerson to conduct a talk and confer meeting with Mr. Gummerson. Counsel for Plaintiffs left a message with Mr. Gummerson's office. Plaintiff left messages with

Attorney Gummerson's Secretary Judith Perron and his Paralegal Kim Mitzelfelt. Adrian Gosch, an attorney with Mr. Gummerson's office, returned Plaintiffs Counsel call at about 11:15am on Monday December 8, 2008 and informed Plaintiffs counsel that Mr. Gummerson was not available and would not be for several days to discuss this matter. When Mr. Gosch was pressed to articulate a reason to refuse to produce Mr. August for his deposition, Mr. Gosch simply commented that he would have to get Attorney Gummerson to get back to attorney Hanlon.

5. At the time of filing, Mr. Gummerson had yet to return the telephone call. Discovery closes on December 15, 2008 and Plaintiffs counsel has a schedule conflict interfering with their ability to appear in the District Court in Rockford on the 12th of December, the only other Court Date available to compel Mr. August's appearance prior to Discovery cut-off date.

6. Rule 45(c)(2)(B) gives a party served with a subpoena 14 days (or before the date specified for compliance) to serve written objections to the subpoena. Fed. R. Civ. P. 45(c)(2)(B). Only a timely written objection or a timely motion to quash excuses compliance with a subpoena. *Flatow v. Islamic Republic or Iran*, 196 F.R.D. 203, 208 (D.D.C. 2000); *Bariteau v. Krane*, 206 F.R.D. 129, 131 (W.D. Ky. 2001); *Pennwalt Corp. v. Durand-Wayland, Inc.*, 708 F.2d 492, 494 (9th Cir. 1983). Objections not filed in a timely fashion are waived. *McCoy v. Southwest Airlines Co.*, 211 F.R.D. 381, 385 (C.D. Cal. 2002), *Deal v. Lutheran Hospitals & Homes*, 127 F.R.D. 166, 167 (D. Alaska 1989). Mr. August and Attorney Gummerson did not file any written objection to the subpoena or move to quash the subpoena. Attorney Gummerson merely sent a letter indicating his unwillingness to produce his client and raised no legitimate objection to producing his client. This Court should order Mr.

August to comply with the subpoena and submit to a deposition at a time convenient for the Plaintiffs' Counsel.

7. Rule 45(e) provides, "[f]ailure by any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued." Notably, this court has held that Rule 45(e) applies with equal force to subpoena *duces tecum* as well as subpoena *ad testificandum*. *Hecht v. Don Mowry Flexo Parts, Inc.*, 111 F.R.D. 6, 10 (N.D. Ill. 1986).

8. In the case at bar the Deponent, Charles August has refused to appear for his deposition. This Court should hold Mr. August, and his counsel, in contempt of court for refusing to obey the subpoena. At a minimum, this Court should order Mr. August to pay the attorneys' fees and costs incurred by Plaintiffs in bringing this Motion.

9. Counsel for Plaintiffs, Robert T. Hanlon, represents that he attempted to resolve the discovery disputes described about by contacting counsel for Mr. August via telephone.

10. Plaintiffs' counsel attempts to resolve the disputes have been unsuccessful.

WHEREFORE, for all the foregoing reasons, Plaintiffs, Tammy Barker, Timothy Barker and Melisa Merryman respectfully requests that this Court order Charles August to submit to a deposition in this case at time convenient for Plaintiff's counsel. In addition, the Plaintiffs respectfully request that this Court set a hearing on a rule to show cause why Charles August and

his counsel should not be held in contempt of court for intentionally and blatantly, without proper justification, refusing to obey the subpoena issued to Mr. Charles A. August. Finally, Plaintiffs respectfully request that this Court order Charles August and his attorney to pay to Plaintiffs and their counsel the legal fees and costs incurred by Plaintiffs in bringing this Motion.

Dated: December 8, 2008

                                        Respectfully submitted,

                                        By: /s/Robert T. Hanlon
                                        One of the Plaintiffs' Attorneys

Law Offices of Robert T. Hanlon & Associates, P.C.
14212 Washington Street, Suite #200
Woodstock, Illinois 60098
Ph: 815/206-2200
Fx: 815/206-6184

**CERTIFICATE OF SERVICE**

The undersigned, an attorney of record, hereby certifies that on December 8, 2008, he electronically filed the foregoing with the Clerk of Court using the CM/CM/ECF system, which sent notification to the following:

Dean J. Polales
Michael McBride
Michael Ficaro
Ungaretti & Harris
3500 Three First National Plaza
Chicago, IL 60602

Dale D. Pierson
Bryan P. Diemer
Lauren Shapiro
IUOE LOCAL 150
LEGAL DEPARTMENT
6140 Joliet Road
Countryside, IL 60525

In addition, the undersigned, an attorney of record, certifies that he caused the foregoing to be served upon the following by e-mail, United States Mail Overnight Delivery and facsimile at:

R. Mark Gummerson, Esq.
Gummerson & Rausch
101 S. Benton St., Suite 201
Woodstock, IL 60098-3205

mgummerson@lawgr.com

Facsimile: (815) 337-7990

on or before 1:30 p.m., C.S.T. on December 8, 2008.

By: /s/ Robert T. Hanlon
One of the Attorneys for The Plaintiffs


Law Offices of Robert T. Hanlon & Associates, P.C.
14212 Washington Street, Suite #200
Woodstock, Illinois 60098
Ph: 815/206-2200
Fx: 815/206-6184