IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | |
|---|---|
| TAMMY BARKER, TIMOTHY ROBERT BARKER, and MELISA MERRYMAN, on behalf of themselves and on behalf of those similarly situation,<br>    Plaintiffs,<br><br> vs.<br><br>LOCAL 150, INTERNATIONAL UNION OF OPERATING ENGINEERS, AFL-CIO,<br><br>    Defendant. | Case No. 08 C 50015<br><br>Magistrate Judge<br>P. Michael Mahoney |

## MEMORANDUM OPINION AND ORDER

**I. Introduction**

  Plaintiffs in this case allege that Local 150 violated the Driver Privacy Protection Act, 18 U.S.C. § 2721 *et seq*. ("DPPA") by obtaining, disclosing, and using Plaintiffs' personal information contained in motor vehicle records for purposes not permitted under the DPPA. (First Amended Compl. ¶ 18.) Plaintiffs allege that Local 150 obtained and stored Plaintiffs' personal information on compact discs and microfiche. (*Id*. ¶¶ 18(b) & (c), 19.) Plaintiffs have also discovered evidence suggesting that Local 150 might have enlisted the help of the Indiana Illinois Iowa Foundation for Fair Contracting ("IIIFFC") to search electronic databases such as LexisNexis and Westlaw to obtain Plaintiffs' personal information in violation of the DPPA. (*See* Soria Aff. ¶ 6.)

  Before the court are six discovery motions. First is Plaintiffs' motion to compel a response to Plaintiffs' interrogatory number 12 ("Pls.' Mot."). Second is the IIIFFC's motion to

1

intervene for the limited purpose of moving to quash Plaintiffs' subpoenas served on LexisNexis and Westlaw ("IIIFFC's Mot."). Third is third-party defendant Merryman's motion to quash or modify Local 150's subpoena served on Plaintiffs' counsel, Robert Hanlon ("Merryman's Mot."). Fourth is non-party Hanlon's motion to quash Local 150's subpoenas served on him, individually, and on the "Keeper of Records of the Law Offices of Robert T. Hanlon" ("Hanlon's Mot."). Fifth is Plaintiffs, Hanlon, and the Law Offices of Robert Hanlon & Associates, P.C.'s motion to quash Local 150's subpoena served on the "Keeper of the Records of the Law Offices of Robert T. Hanlon" ("Pl. & Hanlon's Mot."). Finally, sixth is Local 150's motion to strike Plaintiffs and Hanlon's motion to quash for failing to notice the motion for presentment pursuant to the local rules of the Northern District of Illinois ("Def.'s Mot.").

## II. Plaintiffs' Motion to Compel

Interrogatory number 12 states the following, "Identify each and every statement contained in the Affidavit of Linda Soria with which you disagree, and describe in detail why you disagree with such Statement(s). (A copy of the Affidavit of Linda Soria is attached hereto as Exhibit 1)." (Pl.'s Mot. Ex. 5.) Local 150 objected to the interrogatory stating the following:

> [The interrogatory] asks [Local 150] to comment improperly on the testimony of a potential witness. Furthermore, Local 150 objects to any reference to the Affidavit of Linda Soria because on information and belief, such affidavit was obtained unlawfully, as a result of coercion and in violation of the Canons of Ethics and/or Illinois Rules of Professional Conduct governing Illinois attorneys.

(*Id.*)

Rule 33 provides, "An interrogatory may relate to any matter that may be inquired into under Rule 26(b). An interrogatory is not objectionable merely because it asks for an opinion or contention that relates to fact or the application of law to fact[.]" *Fed. R. Civ. P.* 33(a)(2). Rule 26(b) provides that parties "may obtain discovery regarding any nonprivileged matter that is

relevant to any party's claim or defense[.]" *Fed. R. Civ. P.* 26(b)(1). The court must limit discovery otherwise allowed if "the burden and expense of the proposed discovery outweighs its likely benefit." *Fed. R. Civ. P.* 26(b)(2)(C)(iii).

Plaintiffs' interrogatory is inartfully drawn. It is over broad, imprecise, and vague. Particularly problematic is that part of the interrogatory that asks Local 150 to "describe in detail why" it disagrees with statements made in Soria's affidavit. The court is unsure what information this question seeks to extract from Local 150. The court is further unsure how Local 150 could adequately answer this question. As the interrogatory now stands, the burden placed on Local 150 to formulate an answer outweighs the benefit that Plaintiffs are likely to receive.

Local 150 did not raise applicable objections to the interrogatory and the objections stated are denied. Still, Plaintiff's motion to compel a response to Interrogatory number 12 is denied without prejudice. The interrogatory is stricken. Plaintiffs may rephrase the interrogatory and resubmit it to Local 150 by March 24, 2010.

## III. The IIIFFC's Motion to Intervene and to Quash

The IIIFFC seeks to intervene in this case for the limited purpose of moving to quash subpoenas that Plaintiffs served on LexisNexis and Westlaw. The IIIFFC represents that it "monitors compliance by employers on publicly funded construction projects in Illinois, Indiana and Iowa to insure [*sic*] that employees on those projects are paid in accordance with applicable federal and state prevailing rate laws and regulations that govern work on such projects." (IIIFFC Mot. ¶ 4.) The IIIFFC also provides information gathered on employers to state and local government officials to further compliance by the employers, as well as to facilitate changes in the existing laws and regulations. (*Id.*) Part of the IIIFFC's investigations "may involve the use of computerized searches to ascertain the identities and contact information for

affected employees, witnesses and contractors which may be working on" publicly funded construction projects. (IIIFFC Reply 2.) Those searches may take place in databases of drivers' records found on LexisNexis or Westlaw.

The subpoenas that Plaintiffs served on LexisNexis and Westlaw require the production of certain documents that relate to the IIIFFC searching, obtaining, or using drivers' records available to IIIFFC on LexisNexis and Westlaw. (IIIFFC Mot. Exs. A & B.) Plaintiffs seek documents that date from January 1, 2004 to present.

The IIIFFC is not a party to this lawsuit. Therefore, it must intervene before filing a motion to quash. It has filed a motion to intervene for the limited purpose of moving to quash Plaintiffs' subpoenas directed to LexisNexis and Westlaw. Rule 24(a) provides for intervention by right if a nonparty files a timely motion to intervene and "claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." *Fed. R. Civ. P.* 24(a)(2).

The IIIFFC has asserted that if LexisNexis and Westlaw produce the documents requested in the subpoena, such production will violate privileges held by IIIFFC. Those privileges include the attorney-client privilege and the work product privilege. Those privileges cannot be protected or adequately represented by other parties in this lawsuit, including Local 150, because only IIIFFC can assert the privileges.

The IIIFFC also argues that disclosure of some of the information sought by the subpoenas may hinder ongoing investigations against employers. This is not an interest that the IIIFFC shares with Local 150. The IIIFFC cannot expect Local 150 to adequately protect this interest. Because the IIIFFC has interests in the documents sought by the subpoenas, and

because Local 150 may not adequately protect those interests, the court grants the IIIFFC's motion to intervene in this case for the limited purpose of moving to quash the subpoenas served on LexisNexis and Westlaw.

Before the court can decide whether to grant the IIIFFC's motion to quash the subpoenas, it must first determine whether the IIIFFC, as an intervenor, has standing to challenge the subpoenas served on LexisNexis and Westlaw is another issue. "When a subpoena is directed to a nonparty, any motion to quash or modify the subpoena generally must be brought by the nonparty" against which it is directed. 9 *Moores Federal Practice* § 45.50[3] (Matthew Bender 3d ed.). A party to the action does not have standing to challenge a subpoena directed to a nonparty unless that party claims a "personal right or privilege regarding the production" commanded by the subpoena. *Id.*; *Minnesota Sch. Bds. Ass'n Ins. Trust v. Employers Ins. Co. of Wausau*, 183 F.R.D. 627, 629 (N.D. Ill. 1999). The IIIFFC has already demonstrated that it has sufficient interests at stake to justify intervention by right. Those same interests are personal for the purposes of moving to quash the subpoenas. They give the IIIFFC standing to file a motion to quash Plaintiffs' subpoenas.

The court must quash a subpoena if the subpoena "requires disclosure of privileged or other protected matter, if no exception or waiver applies, or [if it] subjects a person to undue burden." *Fed. R. Civ. P.* 45(c)(3)(A)(iii)–(iv). The IIIFFC argues that if LexisNexis and Westlaw were to produce the documents sought in Plaintiffs' subpoenas, it would violate privileges that it holds. It also argues that production of the documents would place an undue burden on the IIIFFC because the documents would indicate the types of searches and investigations it has been doing since January 1, 2004, many of which are not relevant to the current lawsuit. Any current investigations would be hampered, and the goals of the IIIFFC

would be hindered.

Plaintiffs' document requests are related to the allegations in their complaint. Evidence has surfaced suggesting that Local 150 may have used the IIIFFC to gather personal information in violation of the DPPA. The documents sought are relevant to Plaintiffs' claims and reasonably calculated to lead to admissible evidence. Whether LexisNexis and Westlaw produce documents dating back one year or 100 years does not affect the burden placed on the IIIFFC. Thus, the IIIFFC's argument that the temporal scope of the requests places an undue burden on the IIIFFC is unpersuasive.

The documents produced may alert employers that they are under investigation by the IIIFFC. The IIIFFC argues that this would cause it an undue burden. However, Plaintiffs need the information contained in the document requests. This information is highly relevant to Plaintiffs' claim, and there does not appear to be a less burdensome method of obtaining the information. Plaintiffs' need for the information in this case outweighs the burden that the IIIFFC will endure when the information is produced.

The IIIFFC has a strong interest in the attorney-client and work product privileges that it holds. Those privileges should be preserved. The court denies the IIIFFC's motion to quash Plaintiffs' subpoenas to LexisNexis and Westlaw in part. The court orders that LexisNexis and Westlaw must produce the documents sought in the subpoenas to the IIIFFC first. The IIIFFC may then produce a privilege log for any material that it believes is privileged. The IIIFFC must retain all material contained in its privilege log. The court, if necessary and requested to do so, will make an in camera inspection of the privilege log. All other documents responsive to the subpoenas must be produced to Plaintiffs within 21 days of receipt of the documents.

## IV. Merryman's Motion to Quash, Hanlon's Motion to Quash, and Plaintiffs and Hanlon's Motion to Quash

The third motion is brought by Merryman, the fourth motion is brought by Hanlon, and the fifth motion is brought by both Plaintiffs and Hanlon. They all seek to quash Local 150's subpoenas served on Hanlon and on the keeper of records at Hanlon's law office. The subpoenas have 30 document requests that seek a broad range of documents relating to Hanlon, Merryman, and Local 150. Local 150 indicated at a hearing on March 1, 2010 and in its written responses to the motions that it served these subpoenas in response to statements made by Merryman at his deposition, which occurred on December 5, 2008. (Local 150's Resp. to Hanlon's and Merryman's Mots. 4; Local 150's Resp. to Pls. and Hanlon's Mot. n.1.) Merryman testified at his deposition that he had accumulated documents regarding Local 150 and its "misbehaving characteristics." (Merryman Dep. 43:12–44:66, Dec. 5, 2008.) He stored the documents on three or four shelves of a bookcase and in a filing cabinet. (*Id*. 44:15–22.) Some of the documents were stored at Hanlon's office. (*Id*. 43:19–20.) Many were turned over to the Department of Labor. (*Id*. 47:14–15.)

The documents collected by Merryman about which he testified are relevant to this case. It appears that, at one time, he possessed the disc or discs that contained drivers' records and which Local 150 is alleged to have searched in violation of the DPPA. Merryman was a third party defendant until December 30, 2009, at which time the district court dismissed Local 150's claim for conversion against him without prejudice. Merryman is a potential witness in this case. Documents that he collected regarding Local 150's "misbehaving characteristics" may be relevant to claims and defenses set forth in this case. They may also be relevant for cross-examination purposes if Merryman were to testify at trial. Hanlon represented at the hearing on March 1, 2010 that he was aware of the documents about which Merryman testified, and that it

7

would not cause him undue burden to produce those documents.

However, the 30 document requests in the subpoenas served on Hanlon and on the keeper of records at Hanlon's office are overly broad. They seek documents that would be beyond the scope of documents referred to by Merryman at his deposition. The court grants the motions to quash in part. Hanlon is to produce any materials in Hanlon's possession, custody, or control and about which Merryman testified at his deposition by March 24, 2010. If the keeper of records at Hanlon's law office has custody, possession, or control over documents for which Hanlon does not exert custody, possession, or control, then the keeper of records is also ordered to produce any materials about which Merryman testified at his deposition by March 24, 2010.

The court notes that Local 150 originally served the subpoenas without the required text from Rules 45(c) and (d). That defect was cured at a hearing before the court on January 21, 2010. (Hr'g Trans. 6:13–15, Jan. 21, 2010.) Plaintiffs and Hanlon's motion argued that the lack of the required language in the first subpoenas and the curing of that defect at the January 21 hearing rendered any notice given regarding the subpoenas inadequate under Rule 45. However, based upon the hearing on March 1, 2010 and Hanlon's representation that producing the documents referenced by Merryman at his deposition would not cause undue burden, the court overrules the objections made in Plaintiffs and Hanlon's motion regarding procedure defects.

**V. Local 150's Motion to Strike**

The fifth motion is Local 150's motion to strike the Plaintiffs and Hanlon's motion to quash because Plaintiffs and Hanlon failed to properly notice their motion for presentment as required by Local Rule 5.3(b). Local 150 is correct; Plaintiffs and Hanlon did not comply with the Local Rule. However, the issues presented in Plaintiffs and Hanlon's motion have been entirely briefed and were discussed at length at the March 1, 2010 hearing. The failure to properly notice the motion did not prejudice Local 150 and did not overly inconvenience the

court.  Local 150's motion to strike is denied.

## VI.  Conclusion

Plaintiffs' motion to compel a response to interrogatory 12 is denied without prejudice.  Interrogatory 12 is stricken.  Plaintiffs may rephrase the interrogatory and resubmit it to Local 150 by March 14, 2010.

The IIIFFC's motion to intervene for the limited purpose of moving to quash Plaintiffs' subpoenas served on LexisNexis and Westlaw is granted.  The IIIFFC's motion to quash is denied in part.  LexisNexis and Westlaw are to produce the documents sought in the subpoenas to IIIFCC first.  IIIFFC may then produce a privilege log for any material that it believes is privileged.  All other documents responsive to the subpoenas must be produced to Plaintiffs within 21 days of receipt of the documents.

Merryman's motion to quash, Hanlon's motion to quash, and Plaintiffs and Hanlon's motion to quash are all granted in part.  Hanlon is to produce any materials in Hanlon's possession, custody, or control and about which Merryman testified at his deposition by March 14, 2010.  If the keeper of records at Hanlon's law office has custody, possession, or control over documents for which Hanlon does not exert custody, possession, or control, then the keeper of records is also ordered to produce any materials about which Merryman testified at his deposition by March 14, 2010.  Local 150's motion to strike is denied.

**E N T E R:**

_____
**P. MICHAEL MAHONEY, MAGISTRATE JUDGE
UNITED STATES DISTRICT COURT**

**DATE**: March 11, 2010

9